## MARY A. NORCROSS *vs.* SALMON NORCROSS.

The owner of land, by mortgaging an undivided half thereof and allowing the mortgagee to enter to foreclose before condition broken, does not thereby become tenant in common with him; and a judgment creditor of such a mortgagor cannot, by levying execution on the land, maintain against the mortgagee a petition for partition.

PETITION for partition of land in Royalston. The case was submitted to the court on facts agreed, the material parts of which are stated in the opinion; the petitioner to have judgment if Christopher C. Alger could properly be treated as a tenant in common of the land in her levy of an execution thereon; otherwise, judgment to be for the respondent.

*G. H. Whitney*, for the petitioner.

*P. E. Aldrich*, for the respondent.

CHAPMAN, C. J. It appears that the petitioner, having an execution against the respondent, levied it upon the real estate in question on May 27, 1858. The appraisers recite that the respondent owns the land in common with Christopher C. Alger; they appraise the whole at $500, and the share of the respondent at $250; and they certify that, as the same cannot be divided without damage to the whole, and is more than sufficient to satisfy the execution, they appraise $\frac{20,307}{40,000}$ at $203.07, and set off that part to the petitioner in satisfaction of her execution.

At that time the respondent's title stood as follows : By deed from Simon Gould, administrator of the estate of Joseph Norcross, dated September 20, 1854, he had purchased one undivided half of the land, and had mortgaged it, September 20, 1855, to Alger, to secure the payment of $200, payable in three years. On April 10, 1858, he had given Alger a certificate of possession for condition broken, though by the terms of the mortgage the condition would not be broken till the next September. The respondent had, before the levy, acquired a title to the other undivided half of the land, and it was this latter half that the petitioner undertook to levy upon, treating Alger as tenant in common with the respondent. The question presented to us is, whether a mortgagee can be thus treated.

By the terms of the mortgage, the mortgagee was entitled to take possession before condition broken, there being no clause reserving the right of possession to the mortgagor. The legal title was also in him. But it was not an absolute title, and until foreclosure, when the mortgagee becomes the absolute owner, the mortgage is deemed to be a lien or charge, subject to which the estate may be conveyed, attached, and in other respects dealt with as the estate of the mortgagor. *Ewer* v. *Hobbs*, 5 Met. 3. *Page* v. *Robinson*, 10 Cush. 99. *Bradley* v. *Fuller*, 23 Pick. 1. As the estate of the mortgagee was of this peculiar character, and subject to be terminated by the mere act of paying the debt at any time before its maturity, and by bill in equity afterwards, we do not think he was a tenant in common with his mortgagor, so as to entitle the mortgagor to have a partition of the other part of the land. Nor was it necessary for the petitioner to levy her execution in that manner. She might have proceeded under the provisions of the Gen. Sts. *c.* 103, § 33 *& seq.*, dealing with the mortgage as an incumbrance of which she could become assignee by § 37. *Petition dismissed.*