# First National Bank of Gadsden *v.* Steiner, Lobman & Frank.

*Assumpsit.*

(Decided Feb. 10, 1910.    Rehearing denied June 30, 1910.
53 South. 172.)

1. *Pleading; Construction.*—The mere addition of the descriptive word "attorney" to a plea alleging that the contract was delivered to "B. & B. attorneys" does not raise any presumption that such parties were attorneys for the plaintiff.

2. *Same; Allegations; Conclusions.*—A plea should state succinctly and distinctly the facts on which the defense is based and hence,

a plea alleging a parol agreement between the parties and then alleging a subsequent agreement, but not averring that this was to be a substitute for the original agreement or that defendants were in any way released from their obligation, was bad.

3. *Same; Replication.*—A replication which does not allege facts but only inferences deducible by argument from the facts alleged is bad on demurrer.

4. *Escrow; Delivery to Attorney.*—It is not universally true that paper may not be delivered as an escrow to the attorney of the party.

5. *Appeal and Error; Harmless Error; Pleadings.*—Where all the evidence pertinent to the plea was admissible under other pleadings in the case, error, if any, in rulings on the pleas was harmless,

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Action by the First National Bank of Gadsden against Steiner, Lobman & Frank and the individuals composing the partnership. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

The contract sued on is in the following language: "State of Alabama, County of Etowah. Know all men by these presents that, whereas, the firm of Wohl Brothers, a partnership composed of Morris Wohl and Dave Wohl, are justly indebted to the undersigned, in the amount set opposite their names respectively—that is, Steiner, Lobman & Frank, $2,500.00; M. Markel & Co., $800.00; Greenstein, Markel & Co., $200.00; S. Ginsburg & Co., $775.00; Baltimore Shoe House, $750.00; Sam Lefkovitz, $500.00; H. Goldberg & Co., $500.00; Silberman & Todes, $1,250.00; and, whereas, the said Wohl Brothers are justly indebted also to the First National Bank of Gadsden, a corporation, as is evidenced by certain promissory notes, executed by said Wohl Brothers to said bank, and by certain overdrafts held by said bank against Wohl Brothers, and by certain drafts or bills of exchange drawn by Wohl Brothers on certain parties herein named, which said drafts or bills of exchange were deposited to their credit by said Wohl

Brothers, but which were returned to said bank unpaid, all of which notes, drafts, overdrafts, and bills of exchange amount in the aggregate to the sum of $4,397.00; and, whereas, the said First National Bank has at our request granted to said Wohl Brothers an extension of time on the payment of the above-named obligation due said bank, and has forborne to sue on the same or to attempt to collect the same by legal process: Now, therefore, in consideration of the premises, and of the sum of $1.00 to us in hand paid by the said First National Bank, and in consideration of a further extension of time and forbearance to said Wohl Brothers by said bank, and a further extension of credit by said bank to Wohl Brothers in a sum not to exceed $4,000.00, which is made at our request, in order that the said Wohl Brothers may continue the business in which they are now engaged, we, the undersigned, do hereby guarantee to the First National Bank of Gadsden, its successors or assigns, the payment to it in full on or before the 1st day of January, 1906, of the said sum of $4,397.00, with interest, together with all other sums which said bank advanced to Wohl Brothers, but in no instance to exceed the sum of $8,000.00, the same in all respects as if said debts or obligations were our own. (Here follows waiver of exemptions.) But it is understood and agreed that the undersigned parties shall be individually responsible to said bank for the payment of the sum or sums aforesaid only in an amount not to exceed the amounts hereinbefore set opposite our respective names. It is further understood and agreed that said bank may from time to time require all accounts held by it against Wohl Brothers for overdrafts, outstanding checks, etc., to be closed by notes, but will not in any instance affect our liability under this guaranty." This agreement was signed by all the parties

mentioned therein; the particular defendant signing by Ferd Frank, attorney in fact.

Plea 38 is as follows: "For further answer to the complaint, and separately and severally to each count thereof, this defendant says: That the alleged agreement, for the alleged breach of which this suit is brought, was not signed by the said Silberman & Todes, or either of them, but that the name of Silberman & Todes was signed to said alleged bill by one Sullivan, and that said F. Sullivan had no authority in writing to sign the name of Silberman & Todes to said alleged agreement, which fact was, at the time he signed the same, well known to the plaintiff; that it was contemplated and understood between the plaintiff and this defendant and the said Sullivan that the act of the said Sullivan in thus signing the name of Silberman & Todes should be ratified and confirmed by the said Silberman & Todes before this agreement should become effective; that the said Silberman & Todes did not ratify or confirm the act of the said Sullivan, but, on the contrary, on, to wit, the 9th day of January, 1905, expressly declined to ratify or confirm such act, and so informed the plaintiff; that thereupon the plaintiff, having previously and subsequently to the date of said alleged agreement advanced to the said Wohl Brothers only about $300.00, notified this defendant of the fact that the said Silberman & Todes had declined to ratify and confirm the said act of the said Sullivan, and some other arrangement would have to be made with respect to the business of the said Wohl Brothers; that thereupon it was mutually agreed by and between the defendants and the plaintiff that an involuntary proceeding in bankruptcy should be immediately instituted against the said Wohl Brothers, but that the plaintiff would not become nominally a party to such proceeding, for the reason that it did not desire to

make public the state of its accounts with the said Wohl Brothers; that pursuant to such understanding and agreement defendants did join in and file with other creditors such proceedings in bankruptcy in the District Court of the United States having jurisdiction thereof, which said proceedings in bankruptcy were filed by the attorney for the plaintiff and the attorney for Steiner, Lobman & Frank and other petitioning creditors; that the said Wohl Brothers were in said proceedings duly adjudicated bankrupt, and the plaintiff, on, to wit, the 19th day of January, 1905, filed and proved in such proceedings its claim against the said Wohl Brothers aggregating, to wit, $5,600.00, alleging therein that it had no security whatever for said debt, and received regularly with other creditors dividends upon its said claim so filed. Wherefore this defendant says that it is not liable under the alleged agreement sued upon."

COLEMAN, DENT & WEIL, and BOYKIN & BRINDLEY, for appellant. The contract in this case has been heretofore passed upon in the case of *Leftkovitch v. First Nat. Bank of Gadsden,* 152 Ala. 527. The pleas which undertook to set up a delivery to Boykin & Brindley in escrow are not sufficient and demurrers should have been sustained thereto, for a delivery to an attorney of one of the parties is a delivery to the parties and cannot be an escrow.—*Hubbard v. Greely,* 17 L. R. A. 517; *Ashford v. Pruett,* 102 Ala. 273; *Shelby v. Tardy,* 84 Ala. 378; *Leftkovitch v. First Nat. Bank, supra.* The demurrer to plea 38 should have been sustained.— *Lefkovitch v. First Nat. Bank, supra; Ansley v. Bank of Piedmont,* 113 Ala. 467.

STEINER, CRUM & WEIL, for appellee. It is harmless error to overrule demurrers to a plea where the evi-

dence is likewise admissible under other pleas on: which issue is joined.—*Manassas v. Henry*, 96 Ala. 454; *George v. M. & O. R. R. Co.*, 109 Ala. 245; *Henderson v. Hinson*, 157 Ala. 640. The plea was sufficiently broad to entitle defendant to prove a delivery in escrow. *Fireman's I. Co. v. McMillan*, 29 Ala. 147; *Sharp v. Algood*, 100 Ala. 183; 16 Cyc. 585. Plea 38 is not subject to any of the demurrers interposed.—*Bolling v. McKenzie*, 89 Ala. 470; *Corpening v. Worthington*, 99 Ala. 544. The gist of the plea is that by mutual agreement the parties abandoned, rescinded or waived the provision of the contract sued on.—*Kolskey v. Enslen*, 103 Ala. 100; *State ex rel. Sanche v. Webb*, 110 Ala. 231; 7 Enc. P. & P. 240; *Robinson v. Railroad Co.*, 66 Atl. 814; *Cornish v. Suydam*, 99 Ala. 620; *Burns v. McFarland*, 59 S. E. 1011; *Davenport v. Crowell*, 65 Atl. 557. The plea was good on the principle of estoppel.—*Meyers v. Beyers*, 99 Ala. 484; *Goetter v. Norman*, 107 Ala. 585; *Harris v. Am. B. & L. Assn.*, 122 Ala. 545.

SIMPSON, J.—This suit is by the appellant, against the appellees, to recover on the contract, set out in the statement of the case by the reporter. This contract was construed by this court at a previous term.— *Leftkovitz v. First National Bank of Gadsden*, 152 Ala. 521, 44 South. 613.

Pleas 22, 31, and 32 alleged that the contract sued on was delivered to "Boykin & Brindley, Attorneys." These pleas were demurred to, on the ground that they failed to allege that said Boykin & Brindley were strangers to the transaction or that they were not the attorneys for the plaintiff.

The mere addition of the descriptive word "attorneys" did not raise any presumption that Boykin & Brindley were the attorneys of plaintiff; and if they

were, and it was delivered to them in such a way that it could not be an escrow, then that would be a complete answer to the plea, as it would be a delivery to the plaintiff. Also, it is not a universal rule that a paper may not be delivered to the attorney of the party, as an escrow.—*Ashford v. Prewitt,* 102 Ala. 264, 273-275, 14 South. 663, 48 Am. St. Rep. 37.

It may be stated, also, that in regard to these pleas, and in regard to the replications thereto, to which demurrers were sustained, all evidence pertinent thereto was admissible under other pleadings in the case, so that if there was any error in the ruling it was without injury.

The demurrers to plea 38 should have been sustained. A plea should state succinctly the facts on which the defense is based, and not an argument, from which the defense may be inferred. This plea alleges, first, the parol agreement, as to the signing of the name of one of the parties, which this court has decided could not be done, as it sought to vary the terms of the written contract.—*Leftkovitz v. First National Bank, etc.,* 152 Ala. 521, 528, 529, 44 South. 613. It then goes on to allege a subsequent agreement, with regard to placing Wohl Brothers in bankruptcy, but does not allege that this was to be a substitute for the original agreement, or that the defendants were in any way released from its obligations. Counsel for appellee insist that the clear inference to be deduced from these facts is that the plan contemplated by the agreement had failed and that a new arrangement had been made, but that is argument, not pleading. The plea is bad, and the demurrer to it should have been sustained.

In the view we take of it, there was no error in sustaining the demurrer to the replication to plea 38, because there was no allegation that the plaintiff had en-

[Cleveland Crane & Car Co. v. American Cast Iron Pipe Co.]

tered into any agreement to discharge or extinguish the obligation of the original contract. Replications ought to allege facts, and not inferences deducible by argument, from the facts alleged.

The judgment of the court is reversed and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.