[Bush v. Thomas.]

# Bush *v*. Thomas.

## *Ejectment.*

(Decided May 11, 1911. Rehearing denied June 8, 1911.
55 South. 622.)

1. *Partition; Mortgagees; Right to Sue.*—Mortgagees cannot maintain a partition against a mortgagor and split up the mortgaged property, and so divide the mortgagor's right of redemption.

2. *Mortgages; Payment of Debt.*—The payment of a mortgage debt revests the title to the property in the mortgagor under the provisions of section 4899, Code 1907.

3. *Ejectment; Pleading.*—The only proper plea in ejectment is the plea of the general issue.

4. *Appeal and Error; Pleadings; Harmless Error.*—As all matters of defense in ejectment are available under the general issue, it was harmless error to sustain or overrule demurrers to a plea as an answer to an ejectment suit, and to a replication as an answer to a plea.

APPEAL from Birmingham City Court.

Heard before Hon. JAMES J. RAY.

Ejectment by J. W. Bush against John Thomas. Judgment for defendant, and plaintiff appeals. Affirmed.

It is deemed unnecessary to set out the pleas and replications. The plaintiff claimed through a mortgage executed by David Pratt to Stephen A. Ellis. It does not appear from the record that there was any foreclosure of said mortgage, but that the heirs of Stephen A. Ellis sought partition of this land, and had it divided and sold. At the sale under partition, Louise Lewis became the purchaser, and received a deed from the commissioner. Lewis conveyed to Wilson, and Wilson to plaintiff. Thomas claims through David Pratt.

BUSH & BUSH, for appellant. Counsel discuss the assignments of error relative to the action of the court

upon the pleadings, but without citation of authority. Counsel further insist that in an action of ejectment the court deals solely with the legal title and that a mortgage is a deed, and that the title passed absolutely under the mortgage, and hence, the contention of the defendant that the court was without jurisdiction to partition was not available as a defense.—*Welch v. Phillips,* 54 Ala. 309; *Toomer v. Randolph,* 60 Ala. 356; *Marks v. Robinson,* 82 Ala. 77; *High v. Hoffman,* 129 Ala. 359. The plaintiff's undisputed testimony showed that he had acquired title by adverse possession.—*Brand v. U. S. Car Co.,* 128 Ala. 578.

C. D. POWELL, for appellee. The partition proceedings did not affect the title to the property as the property had become reinvested in the mortgagor by the payment of the mortgage. The probate court was without jurisdiction to partition the interest of the deceased mortgagee.—*Moorer v. Moorer,* 85 Ala. 353; *Kelly v. Deegan,* 111 Ala. 156; 30 Cyc. 194; 5 Metc. 1; 27 Ore. 45. The title to the mortgage indebtedness vested in the administrator.—Sec. 2579, Code 1907.

SIMPSON, J.—This is a statutory action of ejectment, by the appellant against the appellee.

The plaintiff traced title through a mortgage from David Pratt to Stephen Ellis, and a sale under partition proceedings by the heirs of said Stephen Ellis, and the defendant claimed under conveyance from said David Pratt. So the only title which the heirs of Stephen Ellis had, at the time of the partition proceedings, was the legal title supposed to be vested in them by said mortgage. Neither said Pratt nor his heirs were parties to said proceedings. It is laid down as a principle, by authorities, that as against the mortgagor the mortgagees cannot, by partition proceedings, split up the

mortgaged property into fragments, and thus divide up his right of redemption.—30 Cyc. 194; *Ewer v. Hobbs,* 5 Metc. (Mass.) 1.

However that may be, the evidence in this case tended to show that the debt for which the mortgage was given had been paid long before the partition proceedings were instituted, which, under our statute, revested the title to the property in the mortgagor, Pratt.—Code of 1907, § 4899.

There was no error in overruling the demurrer to plea 2, nor in sustaining the demurrer to the replication to said plea 2. At any rate, if erroneous, it would have been error without injury, as the only proper plea in an action of ejectment is the general issue, and the matters set out in said plea and replication could be made available under the general issue.

The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and MCCLELLAN and SOMERVILLE, JJ., concur.