HERBERT W. HAWES, Petr., *vs.* CHARLES E. NASON, et als.

Lincoln.   Opinion October 21, 1913.

*Creditor.   Demurrer.   Execution.   Partition.   Plea.   Redemption.   Sale.
Sheriff's Deed.*

A judgment creditor who has received a sheriff's deed under execution sale of real estate, held by his debtor in common with third persons, cannot maintain a petition for partition of the estate against such third persons, until after the expiration of one year, within which the debtor may redeem.

On exceptions by Herbert W. Hawes, petitioner.   Exceptions overruled.

This is a petition for partition of certain real estate dated March 18, 1913, by Herbert W. Hawes, against Charles E. Nason, Jesse H. Nason and Carrie F. Nason.   The real estate of which partition is sought was owned in common and undivided between said Charles E. Nason, Jesse H. Nason and Carrie F. Nason.   On the 22d day of January, 1913, all the right, title and interest, which the said Jesse H. Nason had in and to said undivided premises, was sold on execution at a sheriff's sale to the petitioner, Herbert W. Hawes.   Jesse H. Nason, at the April term, 1913, filed his plea to the said petition, in which he said that the petitioner had no interest in said land sufficient to bring said petition prior to January 22, 1913; that his interest was only an attachment on a writ, etc.

To this plea, the petitioner demurred, and the Justice presiding overruled the demurrer and adjudged said plea good, to which ruling the petitioner excepted.

The case is stated in the opinion.

*Charles L. Macurda,* for petitioner.

*Carl M. P. Larrabee,* for Respondent Jesse H. Nason.

SITTING:   SPEAR, CORNISH, KING, BIRD, PHILBROOK, JJ.

CORNISH, J.   The question involved in this case is whether under the statutes of this State a judgment creditor who has received a

sheriff's deed under execution sale of real estate, held by his debtor in common with third persons, can maintain a petition for partition of the estate against such third persons, until after the expiration of one year within which the debtor may redeem.

In our opinion he cannot.

The statute provisions are as follows:

"Persons seized or having a right of entry into real estate in fee simple or for life, as tenants in common or joint tenants, may be compelled to divide the same by writ of partition at common law." R. S., chap. 90, sec. 1.

"Persons so entitled, and those in possession or having a right of entry for a term of years, as tenants in common, may present a petition to the Supreme Judicial Court held in the County where such estate is," etc. R. S., chap. 90, sec. 2.

Section one covers the now almost obsolete common law writ of partition, while section two, provides for the customary petition for partition, such as is employed in this case.

Taking this language at its full dimension and without modification it might seem sufficiently broad to cover the pending case, because as between the parties seizin is transferred by levy, *Woodman* v. *Bodfish,* 25 Maine, 317; *Clark* v. *Pratt,* 55 Maine, 546; and the creditor may treat the debtor as disseizor at his election and maintain a writ of entry, *Bryant* v. *Tucker,* 19 Maine, 383; *Burnham* v. *Howard,* 31 Maine, 569, and an execution sale by the sheriff has the same legal effect as a levy, R. S., chap. 78, sec. 32-36.

But this broad meaning is modified by R. S., chap. 90, sec. 28, which reads: "A person having a mortgage, attachment or other lien, on the share in common of a part owner, shall be concluded by the judgment, so far as it respects the partition, but the mortgage or lien remains in force on the part assigned or left to such part owner." This section first appeared in the Revision of 1841, chap. 121, sec. 38.

Taking this section in connection with sections one and two, first quoted, the intention of the Legislature is clear, namely that the rights of partition belong to the holder of the equity of redemption in case of a mortgage and to the debtor in case of an attachment or execution sale, until, in the one case, the title in the mortgage is rendered indefeasible by perfected foreclosure and, in the other, in

the judgment creditor by perfected levy or sale. So long as the right of redemption exists the statute, by clear implication, makes the holder of that right the proper party, plaintiff or defendant, in partition proceedings and both the mortgagee and the creditor are protected by having their mortgage and their lien attach to the part assigned, in case such mortgagor or debtor is the party plaintiff, or to the part that is left in case such mortgagor or debtor is the party defendant.

As between mortgagor and mortgagee the title passes to the mortgagee, and yet the mortgagor may maintain a real action against all parties except the mortgagee and those claiming under him. *Huckins* v. *Straw,* 34 Maine, 166; *Stinson* v. *Ross,* 51 Maine, 556. The mortgage is regarded as security for the debt and until the title has become indefeasible by expiration of the time for redemption, the mortgagor is, to all intents and purposes, the owner of the property and so seized of the estate as to enable him to convey it or to maintain a real action, counting on his own seizin, *Wellington* v. *Gale,* 7 Mass., 138. His interest is subject to attachment, as real estate, and the mortgagee's interest passes upon his death, not to his heirs or devisees, but to his executor or administrator.

It was therefore held, even prior to the enactment of R. S., 1841, chap. 121, sec. 38, that a mortgagor before foreclosure could maintain a petition for partition, *Upham* v. *Bradley,* 17 Maine, 423, but not after the mortgagee had entered for condition broken, *Call* v. *Barker,* 12 Maine, 320.

In like manner the attachment of real estate is simply security for the debt and a levy or execution sale is but another step in perfecting the security. The debtor can redeem at any time before the expiration of the year, and until that time, he is regarded as the owner of the estate. The estate remains as a pledge, and by the statute that pledge attaches to the moiety in case of partition, instead of to the undivided interest.

In Massachusetts, under a statute giving the right of maintaining a petition for partition to "any person who has an estate in possession" it was held in *Ewer* v. *Hobbs,* 5 Met., 1,that the mortgagee, before perfected foreclosure, could not maintain a petition against the holders of other mortgages given at the same time. In the course of the opinion Chief Justice Shaw says: "Before fore-

closure, the estate is, to most purposes, in the mortgagor; he may redeem and make it his own, by paying the debt or performing such other condition as it was intended to secure. The entry to foreclose is a mere step in the process towards a legal foreclosure, and the estate does not therefore cease to be a pledge for the security of the debt. An entry to take the rents does not affect the right to redeem. It merely adds to the fund pledged for the security of the debt. Until foreclosure, the interest of the mortgagee, as well after as before entry to take the rents and profits or to foreclose, is rather a right to acquire an estate in the land, than an actual estate. When the foreclosure does take effect, the mortgaged premises become the absolute estate of the mortgagee; it is thenceforth indefeasible, and pays the debt or debts for which it was mortgaged, in full, if of sufficient value, otherwise pro tanto, in the proportion which its actual value bears to the amount of the debt. The estate is acquired at that time, although it relates back to the time of giving the mortgage; as an estate acquired by levy of execution relates back to the time of attachment on mesne process, (if there was one), to avoid mesne incumbrances."

In *Phelps* v. *Palmer,* 15 Gray, 499, the precise question that we are considering was raised, and the court held that the petition could not be maintained by a judgment creditor holding under a levy until the year of redemption had expired and the redeemable, defeasible and fluctuating interest had become fixed. After discussing the reasoning in *Ewer* v. *Hobbs,* supra, the court continues:

"We think these objections strongly apply to the case of a judgment creditor who has levied on the real estate of his debtor, and who, before the debtor's right of redemption has expired, seeks to have partition made between himself and a person holding as tenant in common with his debtor.

"The estate of the petitioners was certainly a defeasible estate for the period of one year after the levy. The proceedings, if pending, might at any stage of the case be arrested and defeated by the debtor's redeeming the estate, and this without any act on the part of the petitioner. The interest of the creditor in a title acquired by levy is a qualified title, the statute reserving to the debtor a right to redeem within one year, which right should be preserved to him in an unimpaired and unembarrassed state. It is true that the levy

puts the creditor into possession with the right to take the rents and profits, but the creditor is obliged to account with the debtor for all such income if the same be more than the interest on the debt levied, and he is only authorized to make reasonable expenditures in repairing and improving the premises; all looking to the estate as one which may be resumed and over which no absolute title has as yet vested in the creditor.

"In the opinion of the court, the right to maintain such petition for partition does not attach to a levy by a judgment creditor on the real estate of his debtor, until the estate becomes absolute in the creditor by the neglect of the debtor to redeem the same within one year from the date of such levy."

See also *Newton Bank* v. *Hall,* 10 Allen, 144; *Norcross* v. *Norcross,* 105 Mass., 265, and note to *Nichols* v. *Nichols,* 28 Vt., 228, in 67 Am. Dec. 699 at p. 708.

The doctrine of these cases is founded on reason and workable in its application and we adopt it as the rule in this State.

*Exceptions overruled.*