JORDAN et al. v. WALKER et al.
(8 Div. 956.)

(Supreme Court of Alabama. Nov. 15, 1917. Rehearing Denied Jan. 24, 1918.)

1. PARTITION ☞32—ACTION BY MORTGAGEE.

The holder of a mortgage on the interest of one tenant in common may at one and the same time maintain a bill to foreclose the mortgage and to sell the land for division among the cotenants.

2. PARTITION ☞12(5)—FORECLOSURE—SALE OF CONTINGENT INTERESTS.

That there are contingent remaindermen and the sale of property under foreclosure of a mortgage executed by a part of the cotenants involves the setting apart of interest in reversion or remainder does not stand in the way of sale of the land for division.

3. APPEAL AND ERROR ☞907(1) — REVIEW — PRESUMPTIONS.

The chancery court having jurisdiction of the foreclosure of a mortgage against a part of several cotenants, and nothing to the contrary appearing, it will be presumed on appeal that the interests of all parties were properly protected.

4. WILLS ☞597(5)—CONSTRUCTION—GIFT OF LIFE ESTATE—USE OF LANDS AND PROFITS.

A grant to testator's wife of life estate in lands remainder to his children does not include his children as tenants in common in such life estate by the provision that they should share equally with her in the rents and profits of the land; the rule being otherwise where no disposition of the lands other than by rents and profits is made.

5. WILLS ☞601(1)—CONSTRUCTION—CUTTING DOWN GIFT.

A provision that his children shall share equally with his widow the rents and profits of land granted her by clear gift for life does not indicate testator's intention to and does not cut down such gift to deprive her of full dominion and control of the land.

6. PARTITION ☞12(5)—ACTION—LIFE ESTATE —REMAINDERS—COTENANTS.

Where a widow has only a life estate, that is all her mortgage can convey, and as between her and other mortgagors, remaindermen, tenancy in common does not obtain, and equity cannot upon foreclosure of a mortgage decree a sale of land for division.

Appeal from Circuit Court, Madison County; R. C. Brickell, Judge.

In Equity. Suit by Nannie R. Walker and others against Sarah E. Jordan and others. From a judgment for plaintiffs, defendants appeal. Affirmed in part, and reversed and remanded in part.

The bill in this case was filed by Nannie R. Walker and the trustees of Georgia May Harris, seeking first a foreclosure of a mortgage executed by Sarah E. Jordan and Lucile Allen and her husband, Walter Allen, to the complainants, on the interest of said Sarah E. Jordan and Lucile Allen in the lands of the estate of one John Jordan, deceased, consisting of two tracts of land referred to as the "Jordan homestead place" and the "Donegan place." The bill also seeks a sale of all the lands for division among the tenants in common.

The following statement of the case found in brief of counsel for appellant is conceded by counsel for appellee to be correct, and, with slight addition thereto, is here reproduced, and will suffice for a proper understanding of the record:

John Jordan died in 1906, and left surviving him a widow, Sarah E. Jordan, and nine children, four of whom were by his surviving widow and named Lucile Allen, Jimmie Stover, Ned Jordan, and Lorna Jordan (now Bullard), the other five, Amanda Nance, Elizabeth G. Madkins, William C. Jordan, Ida G. Latham, and Alex Jordan. Under his will decedent disposed of his homestead place of 428 acres, in clause 2 thereof, as follows:

"I give and bequeath to my beloved wife, Sarah E. Jordan, my home place upon which I now reside in Madison county, Alabama, consisting of 428 acres of land, to have and to hold during her natural life and at her death to go to our four children, namely, Lucile Allen, Jimmie Stover, Ned and Lorna Wilson, share and share alike. If either of said children should die before my said wife leaving issue, said issue shall take the share of its parent in the same manner as its parent would have taken. It is my will that said children shall share equally with my said wife in the rents and benefits of said lands during the life of my said wife."

Under clause 4 of his will testator disposed of an undivided one-half interest in what was termed the Donegan tract, containing 814.87 acres, which clause is as follows:

"I also give and bequeath to my said wife and to said four children one-half interest in the tract of land consisting of about 800 acres in Madison county, Alabama, purchased by me of George W. Hunt, administrator of Tulliola P. Hunt, and known as the Donegan place, to be owned and held by them under the same conditions and in the same way as the land (428A) devised to them in clause one of this will, is to be held and owned."

Clauses 5 and 5½ of the will disposed of the other lands, which clauses are as follows:

"(5) All other lands of which I may die seised and possessed I hereby give and bequeath to my five children, namely: Amanda Nance, wife of E. L. Nance, Elizabeth G. Madkins, wife of W.

R. Madkins, my son, William G. Jordan who lives in Texas, Ida G. Latham, wife of Samuel Latham, and my son Alex Jordan. It is my will that the property given by me to said Ida G. Latham shall be given and held by her for her separate use and benefit and free from the control of her husband.

"(5½) It is my will that the lands hereby given to my said son Alex Jordan shall be given and held by him during his natural life and at his death, it shall go to his child John Jordan, Jr., if said son John shall die without issue then it is my will that said interest shall go to and be equally divided among Alex's three sisters, namely, Elizabeth G. Madkins, Amanda Nance and Ida G. Latham."

On September 18, 1906, a decree of sale was ordered by the chancery court in the cause of William G. Jordan et al. v. Sarah E. Jordan, as Executrix, et al., ordering the sale of the Donegan tract for division, at which sale Sarah E. Jordan, Lucile Allen, Jimmie Jordan (now Stover), and Sarah E. Jordan, as guardian of Ned Jordan and Lorna Jordan (now Bullard), purchased the lands at the sum of $6,050, as shown by the register's deed. On April 3, 1911, in the cause of Jimmie Stover v. Sarah E. Jordan et al., the chancery court rendered a decree ordering a sale of said Donegan tract for division. At this time Richard W. Walker, as trustee of Georgia May Harris and Nannie R. Walker, held a mortgage on said lands. The lands were again sold and were purchased by, and conveyed to, Sarah E. Jordan and Lucile Allen, as shown by the register's deed. On July 1, 1911, the said Sarah E. Jordan and Lucile Allen, together with the latter's husband, Walter Allen, gave a mortgage to Richard W. Walker, as trustee of Georgia May Harris, and to Nannie R. Walker, securing to them, respectively, the respective sums of $4,445.75 and $1,386.83. On January 5, 1915, the Huntsville Warehouse Company recovered a judgment in the inferior court of Madison county against Ned Jordan for $20.22 and $1.90 costs. On January 29, 1915, W. I. Thompson recovered a judgment for $181.79 and $6.30 costs against Ned Jordan in the Madison county law and equity court. On April 13, 1915, Damson and Abraham recovered a judgment for $141.25 and $6.55 costs against Ned Jordan in the Madison county law and equity court. On May 17, 1915, Yarbrough Bros. Hardware Company recovered a judgment against Ned Jordan for $133.72 and $6.55 costs in the Madison circuit court. On May 27, 1915, J. R. L. Cloud recovered a judgment against Ned Jordan for $100 and $29.70 costs in the Madison circuit court. On March 20, 1915, Monroe-Mitchell Shoe Company recovered a judgment against Ned Jordan for $21.98 and $2.90 costs in the Madison inferior court. Thompson and Damson & Abraham sold under executions issued on their judgments, and purchased all of Ned Jordan's interest in the lands here sought to be sold prior to the filing of the bill in this cause.

The bill as amended makes all of the foregoing judgment creditors of Ned Jordan, Sarah E. Jordan, Lucile Allen (formerly Jordan), Walter Allen, her husband, Lorna Bullard (formerly Jordan), Ned Jordan and Jimmie Stover (formerly Jordan), and James, Judson, Louise, and Elgin Allen, minor children of Lucile Allen, and Charles Stover, minor son of Jimmie Stover, parties defendant. Nannie R. Walker, R. E. Spragins, and Addison White, as trustees of Georgia May Harris, are complainants, being mortgagees. The minor defendants were represented by a guardian ad litem appointed by the court.

The prayer of the bill asks for a foreclosure of the mortgage and a sale for division between the tenants in common, a construction of the will, and a determination of the priorities of the judgment creditors of Ned Jordan and a payment in accordance therewith, and also reasonable compensation for complainants' solicitor.

There were demurrers to the bill by Sarah E. Jordan, Lucile Allen, and others, which were overruled, and answers filed denying allegations of the bill. Proof was had to sustain the averments of the bill, and the court decreed a sale of all the lands and payment of the mortgage indebtedness and a division of the proceeds. The appeal is taken by Sarah E. Jordan, Ned Jordan, Lucile Allen, Lorna Bullard, and Jimmie Stover. The cause was submitted to the court under new rule 46, and the record filed accordingly.

W. R. Walker, of Athens, for appellants. Addison White and Spragins & Speake, all of Huntsville, for appellees.

GARDNER, J. [1] It is urgently insisted by counsel for appellant that one holding a mortgage on the interest of one tenant in common cannot at one and the same time maintain a bill to foreclose the mortgage, and also to sell the land for division among the tenants in common. Much of the argument is addressed to this point, citing, among other authorities, Hawes v. Nason, 111 Me. 193, 88 Atl. 538, Ann. Cas. 1915D, 1095, and note, 67 Am. Dec. 708; Phelps v. Palmer, 15 Gray (Mass.) 499, 77 Am. Dec. 378; Bush v. Thomas, 172 Ala. 77, 55 South. 622.

We are of the opinion, however, that the following cases of this court determine the question adversely to the contention of appellants' counsel, to the effect that a court of equity in such a case having assumed jurisdiction for the purpose of foreclosing the mortgage will proceed to a final disposition of the cause and decree a sale of lands for division. Lyon v. Powell, 78 Ala. 351; Nelson v. Kelly, 91 Ala. 569, 8 South. 690; Hines v. Cha. Bldg. and Mfg. Co., 115 Ala. 637, 22 South. 160. Nor are we of the opinion that the case of Bush v. Thomas, supra, is at all at variance with this conclusion. We consider the question as settled by the authorities above cited, which have, in a sense, become a rule of property, and from which we do not think it now advisable to depart.

[2, 3] The lands involved consist of two tracts, one described in paragraph 3 of the bill, known as the homestead tract, the other set out in paragraph 4 of the bill, known as the Donegan tract. The bill shows, and it is established without dispute by the proof, that the land known as the Donegan tract has been sold for division among the heirs under the decree of the chancery court, as disclosed by the exhibits to the bill, and as set forth in the statement of the case. This Donegan tract was disposed of in the fourth clause of the will of John Jordan, deceased. It need not be here determined as to the separate interests of the respective parties in this land under the will. If it be conceded there were contingent remaindermen, and that a sale of the property involved the setting apart of interest in reversion or remainder under the decisions of this court, this would not stand in the way of a sale of the land for division. Letcher v. Allen, 180 Ala. 254, 60 South. 828; Culley v. Elford, 187 Ala. 165, 65 South. 381; Wheat v. Wheat, 190 Ala. 461, 67 South. 417. There was no outstanding life interest in the entire tract, but there was a relationship of cotenancy among the owners as to the same, and the chancery court had jurisdiction in the premises. Fitts v. Craddock, 144 Ala. 437, 39 South. 506, 113 Am. St. Rep. 53.

The court having jurisdiction, and nothing appearing to the contrary, the regularity of the proceedings will be assumed, as well as that the court properly protected the interest of all parties. According to the averments of the bill, by virtue of the decree of sale by the chancery court on May 1, 1911, Sarah E. Jordan, Lucile Allen, Ned Jordan, and Lorna Bullard became the joint owners of the Donegan tract holding the same as tenants in common, share and share alike. We therefore find no objection to the decree foreclosing the mortgage as to the interest of Sarah E. Jordan and Lucile Allen in the Donegan tract, and ordering a sale of the same for division among the tenants in common.

[4] The land referred to as the homestead tract, described in the third paragraph of the bill, and disposed of in the second clause of the will of John Jordan, deceased, has never been sold for division, and the case requires a construction of this clause of the will. It is insisted by counsel for appellees that, notwithstanding the testator, in the first sentence of said clause, expressly gave to his wife, Sarah E. Jordan, this land "during her natural life," yet that the concluding sentence of said clause, which is as follows: "It is my will that said children shall share equally with my said wife in the rents and benefits of said lands during the life of my said wife—cuts down the gift of the wife so as to include the children as tenants in common of a life estate with the widow. This argument is rested upon the well-known rule that a gift of the rents, incomes and profits from land, without other disposition of the property itself, for a fixed period, as for life, is tantamount and will be construed as the devise of the land itself for such period. Scruggs v. Yancey, 188 Ala. 682, 66 South. 23; Stein v. Gordon, 92 Ala. 532, 9 South. 741. While this rule is well recognized, yet it must be remembered that it rests upon implication and finds application only in those cases where the testator has not made other disposition of the property.

[5] There is another well-recognized rule which should be kept steadily in mind that a clear gift is not to be cut down by anything which does not, with reasonable certainty, indicate an intention to cut it down. O'Connell v. O'Connell, 196 Ala. 224, 72 South. 81.

The second clause of the will made an explicit and direct gift to the wife of the homestead tract, "consisting of 428 acres of land, to have and to hold during her natural life, and at her death to go to our four children." Such a clear gift for life to the widow is not to be cut down unless the language with reasonable certainty so indicates. We are of the opinion that by this clause of the will the testator intended that his widow should have full dominion and control of the homestead tract during her life, and while the children, by the concluding sentence of the clause, might have such an interest in the rents and profits of the place as to create a charge thereon for that purpose, yet it does not appear with reasonable certainty that by such gift to them the testator intended to cut down the life estate to the widow and deprive her of the right of full dominion and control over the land.

[6] We are therefore of the opinion that the gift to the widow of the life estate must stand. The mortgage as to this land, so far as the widow is concerned, only conveys a life estate. As between the widow and the other devisees, there is therefore no relationship of tenants in common.

Under the recent holding of this court in Cobb v. Frink, 75 South. 939,[1] the widow could not maintain a bill for the sale of the land for division. We are therefore of the opinion that under this construction of the second clause of the will, and under the authority of Cobb v. Frink, supra, the complainants have shown no right to a sale of the land for division described in the third paragraph of the bill, and known as the homestead tract.

We therefore conclude that the court was in error in ordering a sale of this land for division, and that the assignments of error taking this point are well made, and must result in a reversal of the cause.

In so far as the decree confirmed the sale of the Donegan tract, it will be here affirmed. As, however, in the decree, the disposition of the interests of the parties and the proceeds of the sale as to both tracts were so intermingled, we are of the opinion that the

[1] 200 Ala. 191.

decree should be reversed in all respects, except as to confirmation of the sale of the Donegan tract, and the cause remanded, that the case·may be proceeded with and partly reset in the light of this opinion. The costs · of this appeal will be taxed one-half against the appellants and one-half to be paid by appellees.

Affirmed in part, and in part reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.