Frank L. West, Receiver, Complainant, Appellant, *v.* Edward F. Kern *et al.*, Defendants, Appellees.

(*Knoxville*, September Term, 1931.)

Opinion filed November 14, 1931.

LEE, PRICE, McDERMOTT & MEEK, for complainant, appellant.

CATE, SMITH, TATE & LONG and FORREST ANDREWS, for defendants, appellees.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

From a decree dismissing the bill herein on demurrer complainant has appealed.

In the case of *Chicago Pneumatic Tool Co.* v. *Edward F. Kern et al.,* it appears that the complainant Frank L. West was appointed receiver of the estate of John P. Kern, deceased "with power and authority immediately to take charge of all the assets of said estate, and said receiver is hereby authorized, empowered and directed to institute any suit or suits necessary and proper to enforce the rights of said estate, recover any of its assets or otherwise protect the same and to execute this trust."

In the same decree from which the foregoing extract is taken, the bill in that case was "sustained as an insolvency bill for the winding up of the estate of John P. Kern, deceased."

The complainant files this bill under the authority aforesaid, averring that John P. Kern was the owner of a one-ninth interest in certain real estate in the City of Knoxville and that after John P. Kern's death his brothers and sisters, apparently assuming to own all of said real estate, made certain conveyances thereof, which it is charged were fraudulent. The brothers and sisters and the conveyees are made parties defendant and it is

sought by the bill, generally speaking, to have the right and title of John P. Kern to said interest in said estate declared and set up, to have the conveyances referred to set aside insofar as the interest of John P. Kern is concerned, and to have a sale for partition of all the land and an award to complainant as receiver of the share of John P. Kern therein.

As stated heretofore demurrers were filed by the various defendants which were sustained by the chancellor and complainant's bill dismissed. The first point of the demurrers is that the complainant is not entitled to partition. We think this ground of demurrer was properly sustained by the chancellor.

Partition is regulated by statute in this State and section 5010, Thompson's-Shannon's Code, is as follows:

"Any person having an estate of inheritance, or for life, or for years, in lands, and holding and (or) being in possession thereof, as tenant in common or otherwise, with others, is entitled to partition thereof, or sale for partition, under the provisions of this chapter."

In setting out the statute as above, we interpolate *or* in parenthesis on authority of *Campbell* v. *Lewisburg & N. R. Co.,* 160 Tenn., 477, 491; *Bierce* v. *James,* 87 Tenn., 538.

The holding or possession of property by a receiver is but the holding or possession of the court. It is temporary. It is not an estate of inheritance or for life or years. A receiver therefore is not such a person as, under the statute, is entitled to partition or a sale for partition.

In a note, page 105, 20 L. R. A. (N. S.), the editor refers to a number of *nisi prius* cases in which it was said, sometimes by way of dictum, that a receiver was not entitled to partition.

There are several well considered cases denying the right to partition of a judgment creditor of a cotenant and denying such right to such creditor even after execution levied on the debtor's interest, and indeed, after the creditor had received a sheriff's deed for the debtor's interest. It is said that a bare judgment creditor has only a lien, not an estate; and after a levy of execution and sheriff's deed, the creditor or purchaser has only a qualified title subject to the debtor's right of redemption. Upon redemption the debtor has the right to have his property restored to him in the same condition in which it was taken from him and likewise free of the costs of partition proceedings. *Roy* v. *Abraham,* 207 Ala., 400, 92 So., 792, 25 A. L. R., 101; *Newton Bank* v. *Hull,* 10 Allen (Mass.), 144; *Phelps* v. *Parmer,* 15 Gray (Mass.), 499, 77 Am. Dec., 378; *Haines* v. *Mason,* 111 Me., 193, 88 Atl., 538, Ann. Cas., 1915D 1095.

The analogy of these cases to the one before us would seem to deny partition to a receiver.

Another ground of demurrer was that the bill prayed a discovery from certain defendants herein but at the same time waived answer under oath. This ground of demurrer should have been overruled. When answer under oath is waived, exceptions will not lie to the answer for insufficiency, but answer enough to make an issue is required. A bill should not be dismissed under such circumstances. *Payne* v. *Berry,* 3 Cooper's Chancery, 154.

The other grounds of demurrer are in substance that complainant's bill does not show that the estate of John P. Kern was insolvent; nor that it was necessary to go upon his land for his debts; nor indeed that John P. Kern had any creditors. In this aspect the demurrers should also have been overruled.

■ Filed with the bill, as above noted, is a decree entered in the main case, *Chicago Pneumatic Tool Co.* v. *Edward F. Kern et al.*, sustaining the bill in that case as an insolvency bill for winding up the estate of John P. Kern, deceased. It must be presumed that it was made to appear to the chancellor in that case that there were creditors of the estate of John P. Kern, that the estate was insolvent, and that the insolvency had been duly suggested. Otherwise the chancellor would not have made the order just mentioned. Chambliss Gibson's Suits in Chancery, section 997, *et seq.*

■ Either the personal representative or a creditor may file a bill to set aside a fraudulent conveyance of deceased's land upon showing that the estate is insolvent, that such insolvency has been suggested, and that there has been a fraudulent conveyance of said land. Chambliss Gibson's Suits in Chancery, section 997. The bill herein charges a fraudulent conveyance of the debtor's land and exhibits a decree in which it was heretofore adjudged that the estate of deceased was insolvent and that such insolvency had been suggested.

■ Insofar as the receiver herein seeks to recover and subject to sale the interest of John P. Kern in the land described, we think his bill is maintainable. The powers given the receiver under the chancellor's decree are quite broad and such authority so given the receiver cannot be collaterally questioned. *Slaughter* v. *Railroad*, 125 Tenn., 292.

It is our opinion, therefore that to the extent indicated the bill herein states a good cause of action. Some of the defendants have answered. Others have not. The cause therefore will be remanded for answer of all defendants and further proceedings. Insofar as the de-

murrers herein question the right of John P. Kern and his estate to take under his father's will, to that extent leave is granted defendants to rely on their demurrers in their answers.

The costs of this court will be divided one-half taxed to complainant and one-half to defendants. Costs below will be adjudged by the chancellor.