211 So.2d 139

**UNITED SECURITY LIFE INSURANCE COMPANY (Garnishee)**

v.

**BIRMINGHAM TRUST NATIONAL BANK et al.**

6 Div. 407.

Supreme Court of Alabama.

May 2, 1968.

Rehearing Denied June 20, 1968.

Alan W. Heldman and Deramus & Johnston, Birmingham, for appellant.

S. P. Keith, Jr., Birmingham, for appellee Reid.

**HARWOOD, Justice.**

This is an appeal from a judgment entered in a garnishment proceeding.

The Birmingham Trust National Bank, hereinafter referred to as the plaintiff or the bank, recovered a judgment against Joe W. Reid, hereinafter referred to as the defendant.

In an effort to collect this judgment of $4,486.36, the plaintiff instituted garnishment proceedings against Reid's employer, the United Security Life Insurance Company, hereinafter referred to as the garnishee or garnishee-appellant.

The garnishee filed an answer to the garnishment asserting it was not indebted to the defendant. Reid and the bank filed contests of the garnishee's answer. The garnishee then filed a number of pleas to these contests of garnishee's answer. Demurrers to pleas 4, 5, 6, and 9, which were pleas of set off, were sustained, and were overoverruled as to pleas 7 and 8, which were also pleas of set off.

At the conclusion of the nine day hearing, had without a jury, the court adjudged that the garnishee was indebted to the defendant Reid in the amount of $13,460.87, of which amount the garnishee was ordered to pay the plaintiff the amount of its judgment to the plaintiff bank.

The garnishee perfected an appeal from this judgment and the defendant Reid has attempted to cross assign errors. The plaintiff bank has not joined in the appeal.

This has been a most tedious record to review. It is some 585 pages in length, with many exhibits in the form of ledger sheets, and much testimony relating to figures, calculations, and accounts. Added to this, the transcript of the evidence is heckled continuously throughout by the wrangling and colloquy between counsel.

The evidence shows that the defendant Reid went to work for United Security in 1958 as manager of its credit life department. His compensation was to be one half of the profits of his department after certain expenses, including the general office expenses of his department were de-

ducted. Reid could draw against his prospective earnings, such prepayments to be recognized upon annual settlements.

There were disputes between Reid and the company as to whether certain expenses charged to him were valid, and in 1959 his contract of employment was orally modified to fix his expenses at a flat $1200.00 per year. In 1961 or 1962 the company again modified the contract to fix Reid's department expenses as 1% of the overall overhead expense of the home office expenses. Reid contends he never agreed to this latter change.

The garnishee's evidence was directed toward showing that Palmer Keith, Jr., a director of United Security, Sykes Manasco, and Joe Dust formed a corporation in 1966 to deal in used automobiles. After several months Reid acquired Manasco's interest in this corporation (Joe Dust, Inc.). Mr. William DeLong, then president of the garnishee, also purchased $15,000.00 of unissued stock in Joe Dust, Inc., shortly before a loan was made by United Security Life Insurance Company through its officer DeLong to Joe Dust, Inc.

Joe Dust, a witness for the garnishee, testified that he was in complete charge of Joe Dust, Inc., and neither Reid nor Keith exercised any control over his operation of Joe Dust, Inc.

Dust further testified that around 1 February 1966, Joe Dust, Inc., owed C.I.T. approximately $50,000.00, and that Reid and Keith were personally liable as endorsers on this account. Dust then went to DeLong, then president of the garnishee, and obtained a loan from the garnishee sufficient to pay off the C.I.T. account. Reid and Keith were not endorsers of this loan from the garnishee.

Dust testified he did not discuss the matter of obtaining the loan from the garnishee with either Reid or Keith, and did not notify them of the transaction until several days after the transaction had been completed. Reid and Keith testified to

this same effect. DeLong died on 8 March 1966.

It is garnishee's contention that the above facts necessarily raise the inference that Keith, Reid, and Dust conspired to obtain the loan from the garnishee in order to relieve themselves of personal responsibility on the C.I.T. loan by paying off that loan with the proceeds of the loan from the garnishee, for which the Joe Dust, Inc., only would be liable. Joe Dust, Inc., had little, or no, assets.

To draw this inference, however, the court below would have had to disregard the testimony of the garnishee's own witness, Joe Dust, for whom the garnishee had vouched by placing him on the stand.

The defendant Reid's evidence was directed toward showing that the garnishee had never properly accounted to him for monies owing under the contract between himself and garnishee, and that for the years 1961–63, the garnishee owed him a balance of $43,879.08, for 1964 $6,153.25, and for 1965 $5,311.31. Reid's testimony was based on calculations made from his own records, and from the records of the company. On the other hand, officials of the garnishee testified that only $45.76 was owed Reid on his account through 1965.

In this connection it might be noted that garnishee's witness Latsis testified that an error of $15,000.00 had been made in garnishee's records in determining the profits of Reid's department payable in 1964, and with a proper entry of this $15,000.00, Reid would be due half of this $15,000.00 in determining the amount due him for 1964.

Garnishee-appellant's assignments of error 1, 2, 3, and 4, relate respectively to the action of the trial court in sustaining demurrers to its pleas 4, 5, 6, and 9, which were pleas of set off filed to contests interposed by Reid and the bank to the answer of the garnishee denying it was indebted to Reid.

The appellant-garnishee also filed pleas 7 and 8 to said contests and demurrers to these pleas were overruled.

■ It appears rather clearly from a reading of all the pleas that all matters provable under pleas 4, 5, 6, and 9, were likewise subject to proof under pleas 7 and 8, to which appellant's demurrers were overruled. No reversible error therefore resulted from the court's action in sustaining the demurrers to pleas 4, 5, 6, and 7. First National Bank v. Steiner, Lobman and Frank, 168 Ala. 243, 53 So. 172; Bush v. Thomas, 172 Ala. 77, 55 So. 622; Trammell v. Robinson, 34 Ala.App. 91, 37 So.2d 142.

■ Assignment of error 5, relates to the action of the court in sustaining objections to a question propounded by the appellant to the witness, J. J. Latsis, as to the amount of annual commissions paid by the garnishee-appellant to all its agents.

Mr. Latsis has been comptroller of the garnishee-appellant since 1962.

The evidence shows that in 1961 or 1962, the method of computing indirect expenses chargeable against Reid was altered to a basis of $1200.00 per year. In 1963, the method of computing the indirect expenses to Reid was changed by the garnishee to 1% of the general home office expenses.

Reid testified he never agreed to this change.

In this connection Jack S. Parrish, a Certified Public Accountant was employed by Mr. Aspinwall, the then president of the garnishee company to examine the garnishee's books and procedures. Mr. Parrish testified that Mr. Aspinwall wanted to reduce Reid's income from the company, and the 1% charge for indirect expenses was put into effect. The 1% figure was picked out of the air. Parrish testified that Reid objected to this change, was mad about it, and complained continuously about it. Mr. Latsis likewise testified that Reid objected to the imposition of the 1% formula for computing the indirect expenses chargeable to him.

Counsel for appellant argues that the evidence sought by the question addressed to Latsis to which the objection was interposed would show the reasonableness of the new method for computing indirect expenses, and Reid's tacit agreement to the change.

Since the undisputed evidence from all of the witnesses shows that Reid did not agree to the change, the tenuous method by which counsel sought to establish Reid's "tacit" agreement to the change by showing the commissions paid to all agents of the garnishee, possessed no probative value. The court properly sustained the objection in this instance.

Appellant has grouped and argued jointly assignments of error 6 through 14.

■ Assignment 14 is that the court erred in sustaining an objection to a question propounded to the defendant-cross appellant Reid as to whether he knew of any stock (in Joe Dust, Inc.) having been changed between stockholders Manasco, Dust, and Keith after he became a stockholder in Joe Dust, Inc.

The record shows that the witness answered "no" to this question. Thereafter upon the attorney for Reid interposing an objection after the above answer, said objection was formally overruled. Thus the question was answered, and the tardy objection was overruled, not sustained.

■ Likewise no error attaches to the court's action in sustaining an objection to a question propounded by appellant to Reid as follows:

"Q. Are you *now* an officer or director of any other corporation besides United Securities?" (Italics ours.) (Assignment No. 6)

The "now" in the above question must be deemed to mean at the time of trial. Such information would be irrelevant to the issues being litigated.

**300**

In assignment No. 9, the appellant's question to Reid to which objection was sustained was as follows:

> "Q. Are you and Mr. Keith partners or co-venturers in any business endeavor or have you been, at any time during your employ by United Security?"

The latter part of this question limits the period of time of any business venture between Keith and Reid to the time of their employment by United Security. The first part of this bifurcated question is not so limited, and could call for irrelevant testimony.

Where a part of a question is subject to objection, and a part is not, a court will not be put in error in sustaining an objection to the entire question. Low v. Low, 255 Ala. 536, 52 So.2d 218; Brooks v. State, 32 Ala.App. 389, 27 So.2d 48.

Since several of the assignments of error (6 through 14), grouped for argument, are unrelated and at least three of the grouped assignments are without merit, as shown above, we pretermit consideration of the remaining assignments in this group. See Ala.Dig. Vol. II A, ☞736, for innumerable authorities.

Assignments 15 through 18, have likewise been grouped for argument. As stated in appellant's brief:

> "Each of these assignments is based upon the action of the trial court in sustaining objections to questions put by garnishee-appellant to the witness Joe Dust as to his conversations with S. Palmer Keith, Jr., about organizing an automobile business."

The original stockholders in Joe Dust, Inc., were S. P. Keith, Jr., Sykes Manasco, and Joe Dust. Reid later acquired the interest of Manasco in Joe Dust, Inc., the record not being clear as to the date of Reid's acquisition of Manasco's interest.

Not being a stockholder at the time Dust may have talked to Keith, nor owning any interest in Joe Dust, Inc., at such time, any conversation between Keith and Joe Dust relative to organizing an automobile business would be hearsay as to Reid.

Counsel for appellant argues that such conversation between Dust and Keith would be admissible as res gestae, and cites Pollard v. Rogers, 234 Ala. 92, 173 So. 881, in support of his argument. Pollard v. Rogers, supra, simply holds that a statement by defendant's locomotive engineer made at the time of, and during a continuing injury, was admissible as a part of the res gestae of the injury. We do not see the application of this principle to the present factual situation. The evidence sought in the present case was not only hearsay, but immaterial and irrelevant to the issues.

Assignment of error No. 19 is based upon the action of the court below in sustaining an objection to a question propounded by the garnishee-appellant as to whether the $1000.00 capital shown in the certificate of incorporation of Joe Dust, Inc., was actually paid in.

Counsel for appellant contends the evidence sought was critical in that "If the capital paid in had never been paid in, this would certainly bear upon whether the fiction of separate corporate entity should have been preserved in this case."

This argument ignores the fact that the garnishee-appellant itself had introduced into evidence, over objection, the certificate of incorporation of Joe Dust, Inc. This certificate contained an affidavit by Sykes Manasco that all capital stock ($1000.00) had been paid for by the transfer of office furniture and equipment and shop equipment.

As stated in Brown v. French, 159 Ala. 645, 49 So. 255:

> "It is a familiar statement of the law of estoppel that 'a party who has, with knowledge of the facts, assumed a particular position in judicial proceedings, is estopped to assume a position inconsistent therewith, to the prejudice of the adverse party.'" (Numerous citations omitted.)

Assignment of error No. 19 is without merit.

 Assignment of error No. 20 asserts error in the action of the court below in sustaining an objection to the following question addressed by the garnishee-appellant to the witness Joe Dust:

"Where did you get the idea of making a loan with United Security?"

Counsel for appellant argues that:

"Two of the officers of United Security owned 98% of Joe Dust, Inc., and yet they disavow any connection with steering Joe Dust to United Security to get a loan. It is apparent that if the question had been allowed answered and the answer had been 'Mr. Reid' then Mr. Reid's supposed defense would have been sorely weakened. * * * The question sought a declaration against interest by the defendant."

The question as framed is faulty. If the word "where" refers to geographical location, it calls for irrelevant testimony. If "where" be deemed to mean "when" the question called for a mental operation.

Further, the record shows that just prior to the above question, the witness Dust had testified he did not remember whether or not he had discussed with Reid a loan by United Security prior to its being made, and that he had not had any such discussion with Keith.

Had counsel desired to ask Dust if he had discussed the possibility of a loan from United Security with Reid, he should have sought the information directly.

 Assignment of error No. 21 is based on the action of the trial court in sustaining an objection propounded by the garnishee-appellant to its witness Joe Dust to the following question:

"Q. Did he (Reid) say anything to you in response to your having told him that the loan had been made?" (Par. added)

Immediately preceding this question the record shows the following:

"Q. Did you and Mr. Reid ever discuss this loan after it was made other than you just telling him it had been made?

"Mr. Fulford: Object.

"The Court: Overruled.

"Q. The question is this, other than you have already testified about the loan, did you and he (Reid) have any further conversation about the loan being made?

"A. No, just the fact that the loan had been made." (Par. added)

It is thus apparent that the appellant-garnishee had already had the benefit of testimony covering the testimony sought to be elicited by the question to which the objection was sustained. No injury probably affecting any substantial right of appellant-garnishee therefore resulted from the ruling made the basis of assignment No. 21. Sup. Ct. Rule 45.

 Assignment of error No. 22 relates to the action of the court in sustaining an objection to the admission in evidence of garnishee-appellant's offer of a carbon copy of a check issued by the garnishee, dated 19 January 1962, in the amount of $5,688.46, payable to Joe Reid, together with the bottom part of the sheet on which the copy of the check appeared. This bottom part was separated from the check by a perforated line. On the bottom part appears "Balance in full for 1961," and the amount shown is the same amount as the check. On the top of this bottom part of the sheet is the instruction, "Please detach before depositing."

Reid admitted receiving and depositing this check, but testified he did not remember whether the portion below the perforated line was attached to the check at the time he received it.

In the earlier stages of his testimony Reid testified that the above mentioned check was in full settlement of his account

with the garnishee-appellant for 1961. Later during his testimony, he denied that the check was in settlement of the 1961 account.

Under these circumstances the carbon copy of the check with the accompanying bottom part shed light on the question of whether a settlement in full had been made with Reid by the garnishee-appellant for the year 1961. The proper predicate was laid by officials of the garnishee-appellant to establish the retained carbon copy as a business record. As such it was admissible. Sec. 415, Tit. 7, Code of Alabama 1940.

Appellant's argument under assignment No. 22 is directed toward showing the admissibility of this record. The argument does not, however, show wherein the appellant was injured by the ruling.

In his earlier testimony Reid contended that the garnishee was indebted to him in the amount of $2,700.48 for 1962, $4,276.96 for 1963, $6,153.25 for 1964, and $5,311.31 for 1965.

During the course of the trial and under a subpoena duces tecum, records of the garnishee pertaining to Reid's account were produced in court and Reid was given an opportunity to examine them. Thereafter he testified that from an examination of these records the garnishee was indebted to him for the years 1960 through 1963 in the amount of $43,879.08, and for the years 1964 and 1965, the amount owed was the same as he previously calculated, that is $6,153.25 for 1964, and $5,311.31 for 1965.

From the amount awarded Reid by the court below it can be rationally inferred only that the court considered the years 1964 and 1965 in determining the amount due Reid by the garnishee.

In brief and argument of the garnishee-appellant filed in opposition to appellee Reid's cross assignments of error based on inadequacy of damages only, this view is also held by the garnishee-appellant, for counsel writes:

"It appears that the trial court correctly considered that fact (failure of proof of Reid's claims for 1960 through 1963) since the size of the award made is consistent only with rejecting 1960 through 1963, and accepting Mr. Reid's testimony on 1964 and 1965." (Par. added)

This being so, the refusal of the trial court to admit in evidence the carbon copy of the paper relating to the alleged 1961 settlement and made the basis of this assignment of error could not under appellant's own view, have injuriously affected any substantial right of the appellant. Sup. Ct. Rule 45.

■ Assignment of error No. 23 asserts error in the action of the trial court in sustaining an objection to a question by the garnishee addressed to the witness Palmer Keith, Jr., as to whether he was a director in Joe Dust, Inc.

The garnishee introduced in evidence the articles of incorporation of Joe Dust, Inc. This shows that Keith was a director. This fact was never contradicted. The answer sought by the question therefore related to uncontradicted evidence already before the court. Clearly the appellant could not probably have been injured in any substantial right by this ruling. Sup.Ct. Rule 45.

■ Assignment of error No. 24 relates to the action of the court in sustaining an objection to a question propounded to its witness Frank M. Lynch, Chairman of the Management Committee Board of Directors, as to whether Mr. DeLong, who had made the loan to Joe Dust, Inc., for the garnishee, had been given authority to make loans for as much as $50,000.00.

The court's ruling was free from error. The records of the garnishee were the best evidence of any limitations placed upon De-Long in the matter of making loans. These records, presumably in the possession of the garnishee, should have been produced, or their absence accounted for.

■ The defendant-appellee has forwarded to the clerk of this court his purported cross assignment of errors question-

ing the adequacy of the damages awarded the appellee.

Since these purported cross assignments are not written in the record as required by Supreme Court Rule 3, they cannot be considered. Waters v. American Casket Co., 261 Ala. 252, 73 So.2d 524.

The judgment is due to be affirmed, and it is so ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.