# Comer *et al.* v. Shehee *et al.*

*Bill in Equity to subject Interest of Heir in Lands to Payment of Advancements and for Partition.*

1. *Advancements; right of heirs-at-law to maintain bill to compel payment of advancements.*—The heirs at law of an intestate can maintain a bill in equity against another heir at law to whom advancements have been made by the intestate to have his share or portion of such lands subjected to the payment of the advancements made to him, and to have the lien of a

creditor, acquired by the levy of an attachment upon the undivided interest in said lands of the heir to whom the advancement has been made, declared subordinate to their equity.

2. *Same; same; amendments of bill by asking for partition of lands.* Where a court of equity has acquired jurisdiction for the purpose of enforcing the equity of the heirs at law of an intestate to have the share or portion of another heir in the lands of said intestate subjected to the payment of advancements made to him, it is permissible to amend the bill by asking for a sale of said lands for partition, and that the proceeds arising from said sale be distributed equitably among those entitled thereto.

3. *Advancements to distributees; effect of judicial ascertainment of fact of advancement.*—The judicial ascertainment by a court of competent jurisdiction of the fact that an advancement has been made to an heir and distributee of an intestate, is conclusive upon such heir and one claiming under him; and, therefore, a creditor of such heir who claims a lien upon his undivided interest in the lands of his ancestor, is entitled to subject only such interest in the lands to the payment of his debt, after the advancement has been paiu out by them.

4. *Same; do not bear interest.*—The heir of a decedent to whom advancements have been made, can not be charged with interest on such advancements.

APPEAL from the Chancery Court of Bullock.

Heard before the Hon. W. L. PARKS.

On October 21, 1895, A. B. Shehee died, being at the time a resident citizen of Bullock county, Alabama. He left surviving him his widow and several children, among the latter being William G. Shehee. Said intestate left a considerable estate, consisting largely of lands in said county of Bullock. In 1897 B. B. Comer, one of the appellants, sued out of the circuit court of Barbour county, Alabama, an attachment against said William G. Shehee and same was levied on the interest of said William G. Shehee in the lands left by his father, A. B. Shehee, in said county of Bullock. Said attachment suit was tried at the June term 1898 of said circuit court of Barbour county and a judgment was rendered there in favor of said Comer and against said William G. Shehee on June 3, 1898, for $988.88, besides $22.50, costs of said suit. An order of sale was issued in said cause and also an execution, and the sheriff

of said county of Bullock was proceeding to sell the interest of said William G. Shehee in said lands so levied on under said attachment, under said order of sale and execution, when the original bill in this case was filed. The bill was filed by the children and descendants of the children of A. B. Shehee, deceased, and E. A. Shehee, the widow of said A. B. Shehee, deceased, against B. B. Comer, W. G. Shehee and L. F. Ritch, the sheriff of Bullock county.

It was averred in the bill that during the lifetime of A. B. Shehee he made advancements to said William G. Shehee, his son, amounting to $2,500; that said advancements were in excess of the share of William G. Shehee in the entire estate left by his said father; that the said estate was more than sufficient to pay the debt; that upon the final settlement of the administration of said estate a decree was rendered by the probate court of Bullock county in which the settlement was had, in which it was decreed that an advancement had been made by the intestate to said William G. Shehee and that said William G. Shehee was not, therefore, entitled to share in the distribution of the money in the hands of the administrator as the proceeds of the sale of the personal property of the estate.

The prayer of the original bill was that an injunction be issued restraining the sheriff from selling the one-sixth undivided interest of the said William G. Shehee in the lands belonging to the estate of A. B. Shehee; that upon the final hearing of the cause said injunction be made perpetual, that the share or portion of said William G. Shehee, as heir-at-law of A. B. Shehee, deceased, in the lands of the intestate be subjected to the payment of the advancements made to him and his title to the undivided one-sixth interest be divested out of him and invested in the complainants, and that the lien of the defendant, B. B. Comer, acquired by the levy of the attachment upon said W. G. Shehee's interest in said lands be declared subject to the equity of the complainants. There was attached to the bill as an exhibit the decree of the probate court upon the final settlement of the administration of the

estate of A. B. Shehee, which was referred to in the bill.

The respondent, B. B. Comer, filed an answer to the bill in which he averred that he had acquired a lien upon the interest of said William G. Shehee in the lands of said A. B. Shehee, deceased, by reason of an attachment levied upon them and the judgment rendered in the attachment suit and execution levied thereon, and that the proceeds in the probate court which resulted in the decree of the court that advancements had been made to said William G. Shehee were not binding upon the defendant Comer, because he was not a party thereto, and had no knowledge thereof. This defendant also denied that if the sale under the lien of the attachment was permitted it would cast a cloud upon the title of the complainants to said lands.

The defendant Comer also demurred to the bill upon the ground that there was a misjoinder of parties complainant, in that E. A. Shehee, the widow of A. B. Shehee, was made a complainant, since her interest in said lands was separate and distinct from th other complainants and because the complainants have a full, complete and adequate remedy at law.

W. G. Shehee answered the bill, in which he admitted the averments thereof relative to the advancements having been made to him by his father. There was a decree *pro confesso* against the sheriff.

Upon the submission of the cause upon the demurrers interposed by the defendant Comer, a decree was rendered overruling them. On the subsequent submission of the cause on the pleadings and proof, the chancellor decreed that the complainant was not entitled to the relief prayed for in the bill as filed, but that an amendment should be allowed. Subsequently the bill was amended by striking out the name of E. A. Shehee as a party complainant, and by averring that the undivided interest of said W. G. Shehee in the lands of A. B .Shehee, deceased, were not of value equal to the amount which had been advanced to him by his father, but was greatly less than such amount.

The prayer of the bill was amended by praying in ad-

dition, that said lands be sold for partition, and that the proceeds be distributed among those entitled to share in the distribution, and that if the share to which said W. G. Shehee was entitled in the distribution exceeded the advancement, that only such excess be subject to the payment of the claim of the lien of B. B. Comer.

The defendant, B. B. Comer, moved to strike from the pleadings, the amendment to the bill, upon the ground that it was an entire departure from the original bill and set up an entirely new cause of action.

On the submission of the cause on this motion, a decree was rendered overruling the motion. The defendant then demurred to the bill upon the grounds that the complainants have a complete and adequate remedy at law, for a partition and division of said lands by sale or otherwise, and upon the further ground that the respondent, B. B. Comer, has no interest in the sale of said lands mentioned in the bill as amended, for partition or division, and is, therefore, improperly made a respondent to the bill as amended. Upon the submission of the cause upon this demurrer, the chancellor rendered a decree overruling said demurrer. The answers filed to the bill as amended were substantially the same as those interposed to the original bill.

The evidence introduced showed the facts as above stated, and established the averments of facts as contained in the bill.

Among the interrogatories propounded to W. G. Shehee, was the following: "State whether or not he had ever received any money from his father, A. B. Shehee, and if so to state the circumstances under which it was received, the time and the amount." To this interrogatory the respondent, B. B. Comer, excepted, upon the ground that said W. G. Shehee is incompetent as a witness to testify in reference to the matters inquired about, because they called for transactions had with or statements made by said A. B. Shehee, deceased, and that said witness has a pecuniary interest in the result of said suit. In answer to the interrogatory propounded, W. G. Shehee testified that in January, 1886, he received from his father, A. B. Shehee, now deceased,

[Comer *et al.* v. Shehee *et al.*]

$2,200; that said amount was given to him upon the understanding, agreement and condition that it should be deducted from his share or part in the estate of said A. B. Shehee, at his death.

Upon the final submission of the cause upon the pleadings and proof, the chancellor decreed that the complainants were entitled "to a sale of the lands for partition and division, and to the equalization of advancements"; and ordered the register to sell the lands described in the bill according to the rulings governing such cases on application to the probate court. He further ordered in his final decree that the register hold a reference and ascertain and report to the next term of the court "the amount of advancements made to each of the complainants and the respondent, together with the interest on the same to the date of settlement of the partnership estate and the interest on any balance remaining after the settlement of said estate. All other matters are reserved." The respondent, B. B. Comer, appeals, and assigns as error the several decrees of the chancellor overruling his demurrers and motions and the final decree granting the relief prayed for.

G. L. COMER, for appellant.—The court erred in overruling the motion of appellant Comer to strike the amended bill or amendment to the original bill. The amendment made a new and entirely different cause of action to that made in the original bill. The two causes of action could not be joined in one and the same bill. *Leggett v. Bennett,* 48 Ala. 380; *Howell v. Motes,* 54 Ala. 1; *Gardner v. Pickett,* 46 Ala. 191; *Scott v. Ware,* 64 Ala. 174.

The court erred in adjudging that interest on said advancements made to said W. G. Shehee, if any advancements were made, should be charged.—Code of 1896, § 1463; *Krebs v. Krebs,* 35 Ala. 293; *Fennell v. Henry,* 70 Ala. 484; *Caldwell v. Caldwell,* 121 Ala. 598.

T. S. FRAZIER and ERNEST L. BLUE, *contra.*—An advancement having been made to one of the heirs of a decedent, the other heirs have an equitable lien upon his

[Comer *et al.* v. Shehee *et al.*]

share in the estate for the same, and courts of equity will confine the lien of a judgment creditor to the actual interest of the debtor heir, and will equalize and adjust all the rights and equities of the parties. This rule likewise applies to purchasers and attaching creditors. As to all of them the other heirs are entitled to have the interest of the debtor heir, or heir who has sold his interest, subjected to the advancement. The same rule applies in case of an advancement as in a debt due by one of the heirs to the decedent.—*Streety v. McCurdy,* 104 Ala. 493; *Steele v. Firerson,* 85 Tenn. 430; *White v. Carpenter,* 2 Paige, 217; *Kinstead v. Avery,* 4 Paige, 9; *Thomas v. Kennedy,* 24 Iowa, 397; *Monticello &c. Co. v. Langley,* 72 Ind. 572; *Koons v. Mellett,* 7 L. R. A. 231.

It is true that a lien holder is not a necessary party in probate court proceedings, and possibly not in simple partition suits in chancery, but he is a proper party in a proceeding of this character.—*Inman v. Prout,* 90 Ala. 362.

TYSON, J.—It is manifest from the allegations of the original bill, that its purpose was to enforce the equity of the complainants, who are children or descendants of children of the intestate, to have the share or portion of William G. Shehee as heir at law in the lands of the intestate subjected to the payment of advancements made to him, and to have the lien of Comer, acquired by the levy of his attachment upon William Shehee's interest in these lands, declared subordinate to their equity. And it cannot be doubted that this right is of equitable cognizance.—*Streety v. McCurdy,* 104 Ala. 502.

The amendments to the bill simply eliminated the widow of the intestate, who is shown to have had her dower in the lands assigned, as a party complainant, and sought to have them sold for partition, and the proceeds distributed among those entitled thereto; averring in this respect that the interest of William Shehee in the lands will be found to be worth only a small amount, if any, more than the advancement made by the intestate to him, and said sum, if found to exist at all, is all that is subject to the claim of his creditor, Comer.

[Comer *et al.* v. Shehee *et al.*]

A motion was made by Comer to strike these amendments on the ground that they presented a new and entirely different cause of action from the one sought to be enforced by the original bill.

This court, in *Marshall v. Marshall*, 86 Ala. 383, and *Booth v. Foster*, 111 Ala. 312, held that upon bill filed for partition, the court would entertain and settle equities growing out of advancements. We can see no good reason why the converse of the proposition is not sound. Here the court having taken jurisdiction for the purpose of subjecting the interest in the intestate's lands as a tenant in common or joint tenant with the complainants by descent, of an heir at law, it is no departure to order a sale of the lands for partition, and to divide the proceeds equitably among those entitled to them. Indeed, it may be said, in view of the fact that the lands cannot be equitably divided, and, therefore, as William Shehee's share is incapable, equitably, of being separated from the other five-sixth interest, that it is entirely proper that the whole should be sold, and that the court distribute the proceeds, subject to the equity of complainants. The amount of the advancement to William Shehee was fully proven by the decree of the probate court which resulted from a proceeding instituted in that court, for that purpose, and which proceeding was in all respects regular.—Code, §§ 1470 *et seq.*

It may be said that as Comer was not a party to this proceeding, he is not bound by the decree ascertaining that the advancement was, in fact, made, and the amount thereof. The answer to this suggestion is, that he is entitled to subject only such interest in the lands to the payment of his debt, after the advancement has been paid out of them, and that a judicial ascertainment, by a court of competent jurisdiction, of the fact of advancement and the amount thereof, which bound his debtor, binds him. It is, in every respect, analogous to the principle so often recognized by this court, that in the absence of fraud a judgment against a grantor in a fraudulent conveyance is conclusive evidence of the debt, in favor of the creditor, as against the alleged fraudulent grantee.—*Yeend v. Weeks*, 104 Ala. 331, and cases cited. There was, therefore, no necessity for proof of the ad-

[Henderson *et al.* v. Hambrick *et al.*]

vancement, or the amount thereof, by evidence *aliunde,* and none could be made which would, in anywise, vary or alter the recitals of the decree ascertaining such advancement. The decree affords all the *data* necessary to correct ascertainment of the balance, that should be deducted from William Shehee's share of the proceeds of the lands, should his share exceed the amount of the advancement. Of course, should his share of the proceeds not equal the amount of the balance due on the advancement, then no deduction would be necessary, and no surplus would be left to Comer, his creditor.

Doubtless the testimony of Shehee was introduced for the purpose of showing the date of the advancement in order that interest might be charged upon it. And this seems to have been the view that the chancellor took of it. For we find that the register is directed to calculate interest upon the advancement from the date it was made up to the settlement of administration of the esate in the probate court when a distribution of the personal estate was had, and also the interest on any balance remaining after settlement. Advancements do not bear interest. *Krebs v. Krebs,* 35 Ala. 293; *Fennell v. Henry,* 70 Ala. 484; *Caldwell v. Caldwell,* 121 Ala. 598. However, as this portion of the decree is interlocutory, being merely a direction to the register, which could be changed at a subsequent term, made for the purpose of carrying out the decree adjudging that complainants were entitled to have the lands sold for partition, etc., the complainants can take nothing by this appeal.

Affirmed.