(103 So. 574)

## SMITH v. HOOD et al.    (7 Div. 544.)

(Supreme Court of Alabama. March 26, 1925.)

**1. Partition ⊗═56, 57—Matter of advancement held properly raised by answer and cross-bill.**

Matter of advancement *held* properly presented by answer and· cross-bill to suit by heir for sale of lands for division of proceeds.

**2. Evidence ⊗═419(2)—Parol evidence admissible to show deed reciting valuable consideration was advancement.**

Where deed from father to son recited consideration of $105, parol evidence *held* admissible to show that it was an advancement.

**3. Descent and distribution ⊗═112—Heir charged with value of land at time of advancement.**

In view of Code 1923, § 7381, for purpose of determining distributive share of heir, who was deeded. land as advancement, she is charged with its value at time of advancement.

**4. Descent and distribution ⊗═115—Advancement in land to offset heir's distributive share in lands must be shown to equal it.**

If heir to whom advancement in land has been made is to be denied share in lands to be distributed, in absence. of sale it must appear clearly that advancement equals or exceeds heir's distributive share.

**5. Partition ⊗═62—Defense that advancement was in full of heir's interest must be pleaded.**

Defense to suit by heir for partition, that advancement to him was in full of his interest in estate, must be pleaded, being entirely distinct from question of advancement and distributive share; former defense resting on estoppel and without regard to equality of distribution.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Bill in equity for sale of lands for division of proceeds, by Willie Smith against W. D. Hood and others, and cross-bill by respondents. From a decree dismissing the bill, complainant appeals. Reversed and remanded.

J. M. Miller, of Gadsden, for appellant.

A different consideration from that recited in the deed cannot be proved. Bank v. McDonald, 89 Ala. 434, 8 So. 137, 9 L. R. A. 645, 18 Am. St. Rep. 137; Dickson v. Van Hoose, 157 Ala. 459, 47 So. 718, 19 L. R. A. (N. S.) 719; McMillan v. Craft, 135. Ala. 148, 33 So. 26; Houston v. Blackman, 66 Ala. 559, 41 Am. Rep. 756; Vincent v. Walker, 93 Ala. 168, 9 So. 382; Terry v. Keaton, 58 Ala. 667; Clark v. Hart, 57 Ala. 391; Bank v. Mt. O., 69 Ala. 305; Folmar v. Lehman-Durr Co., 147 Ala. 472, 41 So. 750; Lipham v. Shamblee, 205 Ala. 498, 88 So. 569. The allega-

tions and proof must correspond; decree can only be rendered on secundum allegata. Alexander v. Taylor, 56 Ala. 60; Hooper v. Strahan, 71 Ala. 75; Equitable Mtg. Co. v. Finley, 133 Ala. 575, 31 So. 985; Story's Eq. Pl. 241; 3 Ency. Pl. & Pr. 357. As to how advancements are arrived at, see Malone v. Malone, 106 Ala. 567, 17 So. 676; Fennell v. Henry, 70 Ala. 484, 45 Am. Rep. 88; Grey's Heirs v. Grey's Adm'rs, 22 Ala. 233.

Hugh Reed, of Center, for appellees.

The matter of advancements were properly· set up in the cross-bill. Code 1923, § 7382; Comer· v. Shehee, 129 Ala. 588, 30 So. 95, 87 Am. St. Rep. 78. Evidence to show an advancement to complainant's ancestor was admissible. Dent v. Foy, 210 Ala. 475, 98 So. 390; Fennell v. Henry, 70 Ala. 486, 45 Am. Rep. 88; Wilkerson v. Tillman, 66 Ala. 532; Baker v. Horsley, ante, p.·181, 101 So. 830. The 18 acres were conveyed to appellant's father in such sort as to show an advancement. Fennell v. Henry, supra; Dent v. Foy, supra.

GARDNER, J. The original bill in this cause was filed by appellant against appellees seeking a sale of the lands therein described for division among the parties as tenants in common. Complainant was the only child and heir at law of one Virgil Aubrey, who died in 1898. One Alex Aubrey ·was the father of said Virgil and all the respondents, except respondent Hood, who before the filing of this bill purchased the interest of Mrs. Hale, a daughter of said Alex Aubrey.

The real estate sought to be sold for division was owned by said Alex Aubrey at the time of his death in 1911, and his widow remained thereon and enjoyed the use thereof until the time of her death in October, 1920.

The complainant, as an heir of said Alex Aubrey, made out her case for a sale for distribution unless defeated therein by defensive matter set up in answer, which was prayed to be also considered as a cross-bill. This defense was in substance that said Alex Aubrey owned on January 11, 1896, a farm consisting of approximately 108 acres, .and on said date conveyed by proper deed 18 acres of said farm to Virgil Aubrey, complainant's father, for a home, and as an advancement to said Virgil; that it was so accepted by said Virgil and used and occupied by him as a home until his death, and subsequently sold by complainant and her mother. The land here sought to be sold represents the remainder of said farm, and respondents insist that the value of the 18 acres advanced to complainant's father equals her distributive share of the remainder of the estate, and she is thereby precluded from further participation therein,

and has no interest in said lands. The cross-bill prays, however, that in the event it does not appear said 18 acres is equal to complainant's one-fifth interest, that its value be set off against her portion of the estate.

[1] The matter of advancement was properly presented by the answer and cross-bill, and the averments sufficient as against the demurrers interposed thereto. Marshall v. Marshall, 86 Ala. 383, 5 So. 475; Comer v. Shehee, 129 Ala. 588, 30 So. 95, 87 Am. St. Rep. 78; Dent v. Foy, 210 Ala. 475, 98 So. 390.

The deed of January 11, 1896, to Virgil Aubrey, was in the usual form and recited a consideration of $105, but the testimony offered by the respondents was to the effect that in fact no money was paid, but such consideration was placed in the deed at the suggestion of the scrivener, a justice of the peace, and that in fact it was being deeded to Virgil by his father as a home to "set him up in life," and as an advancement.

[2] Appellant insists parol evidence was inadmissible to vary the consideration named in the deed. In Wilkerson v. Tillman, 66 Ala. 532, it was said:

"There can be no question, now, that the consideration clause in a deed is open to the utmost latitude of inquiry, whether it is general or special in its recitals. The only limitation, which the authorities in this Court have fixed, is, that the consideration shall not be altered in character—that the consideration proved, shall not be inconsistent with that recited."

This rule was recognized in Baker's Case (Ala. Sup.) 101 So. 830,[1] wherein it was pointed out, however, that where the statement of the consideration is of a contractual nature, a different rule applies.

The deed recited a valuable consideration, and the parol proof tended to show a valuable consideration, an advancement by a parent to the child out of the former's estate. The considerations were of the same general character, though differing as indicated. We think the foregoing authorities establish the admissibility of this character of evidence, nor do we find the cases cited by appellant (among them Vincent v. Walker, 93 Ala. 165, 9 So. 382) tending to the contrary, but are readily distinguishable.

[3] We are of the opinion the proof fully establishes the fact that the 18 acres conveyed to Virgil were intended as an advancement, and so accepted by him. It would appear, however, that proof was not offered on the question of the value of the advancements, and the manner in which complainant was to be charged therewith in accordance with our statutes and decisions. Complainant is charged as an advancement with the value of the 18 acres at the time it was given to her father. Section 7381, Code 1923. And, as said in Turner v. Kelly, 67 Ala. 173,

she "pays no rents, hire or interest." So, for the purpose of ascertaining complainant's distributive share, the value of the 18 acres when given to Virgil in January, 1896, is to be considered as a part of the whole estate.

[4] We gather from the evidence offered that the respondents were under the impression it was only necessary to show that the 18 acres equaled at the time of the deed to Virgil, a one-fifth interest in the farm as it then stood. The method of determination as to the share of an heir to whom advancements in real estate have been made is found in Turner v. Kelly, supra, appearing in the statement of facts, and approved by the court. Indeed, under this method, in cases of this character, it is difficult to see that exact justice could be done in the absence of a sale of the property and ascertainment of the net proceeds thereof. But, in any event, in the absence of such sale, it must be very clearly made to appear the advancement equals or exceeds the interest such heir would have upon distribution. Very clearly, this is not made to appear in the instant case.

[5] The weight of the evidence indicates the value of the property here sought to be sold as in the neighborhood of $5,000, and it would appear that the value of the 18 acres in 1896 hardly exceeded $500, for which sum it was sold by the widow and complainant some 10 years later.

The decree dismissing the bill could not, therefore, in our opinion, be rested upon the fact, as established, that the value of the advancements equaled complainant's distributive share of the estate. Indeed, the learned chancellor does not rest the decree upon that ground, but expressly upon the theory that the 18 acres were given by the father to Virgil as an advancement, and in full of his interest in the estate, and was so accepted by Virgil.

But it is insisted by counsel for appellant that the decree could not be justified upon this ground for the reason that this was not the theory of the cross-bill, and that cross-complainants cannot be given relief upon a theory differing from that set up in their pleadings, citing McDonald v. Walker, 95 Ala. 173, 10 So. 225.

We do not find this insistence answered in brief of counsel for appellee, and a careful consideration of the averments of the cross-bill persuades us it was not filed upon such a theory, and should not be so construed. Such a defense is entirely distinct from the mere question of advancement and distributive share, for when established it precludes such an heir from further participation in the estate without regard to the value of the advancements and the question of equality of distribution. It rests upon the principle of estoppel. 1 R. C. L. pp. 674, 675; In re Simon, 158 Mich. 256, 122 N. W. 544, 17

[1] Ante, p. 181.

Ann. Cas. 723, and note. To be available to respondents, it must be pleaded, that complainant may have the opportunity to test its sufficiency, if so desired, and meet the issue then presented.

It follows from what has been said that the decree must be reversed; but in the exercise of our discretion in the premises, in consideration of the entire cause as here presented, we conclude that the case should be remanded and opportunity be given to amend the pleadings, if so desired, and upon such terms, if any, as the chancellor may in his sound discretion impose.

The decree is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.

