191 So. 628

**WATT v. LEE et al.**

**7 Div. 571.**

Supreme Court of Alabama.

Oct. 5, 1939.

Rehearing Denied Nov. 2, 1939.

Reed & Reed, of Centre, and W. T. Murphree, of Gadsden, for appellant.

454

Irby A. Keener, of Centre, and McCord & McCord, of Gadsden, for appellees.

THOMAS, Justice.

The proceedings from which the appeal is prosecuted had for its purpose the partition of lands by the alleged joint tenants.

The secondary question presented is the ascertainment of the amount of unpaid claims due by the estate of Mrs. E. C. Watt, deceased, to provide for payment of the same by making it a lien on the property of the respective owners of the land who were forced to discharge such property of said respective liens.

The death of Mrs. Watt is alleged in the initial pleading as of August 6, 1928. It is further asserted that she was the owner of the lands in question, left surviving two children—Nellie Watt, appellant; and Lillie L. Appleton, the mother of appellee Zera Appleton Lee. The death of Mrs. Appleton is alleged to have occurred on August 5, 1930, leaving surviving the appellee as her sole heir at law. Attached to the bill as an exhibit is a plat of the farm lands alleged to be a fair and equal division thereof. This the court adopted in the decree, the recitation being contained therein of a personal inspection of the premises by the court rendering the decree. The prayer of the bill is that the lands be divided according to such plat or map, that the debts owing by the estate of Mrs. Emma C. Watt be adjusted, and that the respective owners of the land be required to pay a due portion of such debts as by the decree may be made a charge against the respective allotments.

The bill was answered by Miss Watt, the appellant, asserting affirmative relief by way of cross bill, and appellee answered the amended pleading.

The cross bill alleges, among other things, that the father of the respective parties, John S. Watt, died June 4, 1903; that about the year 1905 his widow, mother of the original parties, advanced to her daughter Lily the full amount of her interest in and to the estate of Mrs. Watt; that Zera Appleton Lee, representing such interest as the mother had, does not own and is not entitled to an equal division of the assets of the estate of Emma C. Watt for the reasons specifically stated in the pleading, and that the lands described in the pleading were the separate estate of Mrs. E. C. Watt and not that of her husband at the time of the death of her said husband.

It is further alleged that Lily Appleton, desiring to anticipate her distributive share or interest in her mother's estate, had the mother to make settlement with her in full of such interest; that arriving at such interest or settlement, the

lands were surveyed and appraised at $10,-000 by disinterested persons selected by the respective parties; that Mrs. Appleton, in anticipation of her distributive interest in the mother's estate and lands, accepted one-third or more of the appraised value of such lands, which sum of money was paid by her mother and received by the said Lily Appleton in payment and satisfaction of her interest in all of the said mother's property, and that Mrs. Appleton procured a home in Gadsden therewith.

The respective issues were presented in the trial court by oral testimony given before the register acting as commissioner; was transcribed and used by the court in rendition of the decree. Under such circumstances this Court, without indulgence as to the correctness of the decree, will consider the entire record; and if the decree is erroneous, render such decree as the lower court should have rendered or reverse the cause with direction that the lower court render a proper decree in the premises. Wood v. Foster, 229 Ala. 430, 157 So. 863; Hodge v. Joy, 207 Ala. 198, 92 So. 171; Code of 1923, Section 10276, Subsection 1.

Of the law that obtains, it should be observed that, in any suit for partition of lands or other properties by alleged joint owners, the defense that complainant's ancestor was paid in full his or her interest in the estate having been pleaded, was a defense resting on estoppel and is properly presented by answer and cross bill. Smith v. Hood et al., 212 Ala. 554, 103 So. 574.

The doctrine of equitable estoppel by matter in pais, though the title to land may rest in parol, and unavailing in law, may be given full effect and operation in a court of equity. Hendricks v. Kelly, 64 Ala. 388; Ivy v. Hood, 202 Ala. 121, 79 So. 587.

In Wefel v. Stillman, 151 Ala. 249, 265, 44 So. 203, 209, it is said: "* * * 'Generally speaking, estoppels in pais are available as well at law as in equity. This is true even of the so-called equitable estoppel. Indeed, it has been laid down that the estoppel is not available as such in equity, but that there must be some equity apart from the .estoppel to give a court of equity the right to entertain it.' Big, on Estop. (5th Ed.) 557, 675, 712; Drexel v. Berney, 122 U.S. 241, 7 S.Ct. 1200, 30 L.Ed. 1219; Jones v. Peebles, 130 Ala. [269] 273, 30 So. 564; Hill v. Huckabee,

70 Ala. 183; [First Nat.] Bank v. Leland, 122 Ala. 289, 25 So. 195; Duchess of Kingston's Case, 1 Smith's Leading Cases, 805 et seq. 'The doctrine (of estoppel in pais) originated in chancery, but it is now adopted by the courts at law. It is accordingly established that, when an act or statement cannot be withdrawn without a breach of faith on the one hand and injury on the other, it will rise from the rank of evidence to that of an estoppel, and bind the jury in opposition to the clearest evidence.' 1 Smith's Leading Cases, supra, 859."

It has been recently observed of estoppels by judgments and proceedings in trial courts, in Bromberg v. First Nat. Bank of Mobile, 235 Ala. 226, 228, 178 So. 48, 50, that:

" 'It is a familiar statement of the law of estoppel that "a party who has, with knowledge of the facts, assumed a particular position in judicial proceedings, is estopped to assume a position inconsistent therewith, to the prejudice of the adverse party." ' * * *

" 'A defendant who, for the purpose of maintaining a defense, has deliberately represented a thing in one aspect, cannot be permitted to contradict his own representation by giving the same thing another aspect,' at law or in equity. * * *

" ' "A party who obtains or defeats a judgment, by pleading or representing a thing or judgment in one aspect, is estopped from giving it another in a suit founded upon the same subject-matter." ' * * *

" 'When a party has defeated a judicial proceeding by alleging by pleading a particular state of facts, he can not be heard subsequently to deny or disprove these facts in defense of another proceeding.' * * *"

See also Scharfenburg v. Town of New Decatur, 155 Ala. 651, 47 So. 95.

In Boone v. Byrd et al., 201 Ala. 562, 78 So. 958, the well-recognized rule is stated that persons claiming ownership of land under owners who are estopped to claim that ownership are bound by such estoppels. It follows from the foregoing authorities and the testimony adduced at the trial that the appellee stands in the shoes of her ancestor.

Under the instant pleading and evidence, it will be further noted that in Clark v. Whitfield, 213 Ala. 441, 105 So.

200, the well-recognized rule is declared that in a bill for partition the issues of the respective claims of all parties in interest before the court, the determination of equities, the claims of joint owners, encumbrances and lien-holders are respectively presented.

■ The rule of evidence is well recognized that the statements of one in possession of land, declaring title and ownership thereof, are competent and relevant testimony of such declared facts. Such is the rule to be applied as to the claims and declarations of Mrs. Emma C. Watt done and made while in possession of the land from the date of the death of her husband in 1904 until her death in August, 1928. Smith v. Bachus et. al., 195 Ala. 8, 70 So. 261; Foy et al. v. Dent et al., 210 Ala. 475, 98 So. 390; Hodges v. Hodges, 201 Ala. 215, 77 So. 741; Gunn v. Parsons, 213 Ala. 217, 104 So. 390; Ray et al., v. Farrow, 211 Ala. 445, 100 So. 868; Stewart Bros. v. Ransom, 200 Ala. 304, 76 So. 70.

■ It may be further noted here that since Biblical times benefits from ancestors to children have been recognized and enforced. In Betts v. Ward, 196 Ala. 248, 251, 72 So. 110, the authorities are collected in this and other jurisdictions to the effect that parol agreements of partition in the nature of a family arrangement and followed by uninterrupted enjoyments of the portions allotted is an agreement which a court of equity will enforce so long as the reason for the rule exists. Such was the rule declared by Lord Chancellor Hardwicke in Ireland v. Rittle, 1 Atkyns 541, Case 256; Neale v. Neale, 15 Eng.Ch.Rep. 673; and the case in this jurisdiction; Yarborough's Adm'r v. Avant, 66 Ala. 526, 531; Wood v. Foster, 229 Ala. 430, 157 So. 863; Montgomery v. Montgomery, 236 Ala. 161, 181 So. 92; Pate v. Pate, 236 Ala. 320, 181 So. 750.

In Yarborough's Adm'r v. Avant, 66 Ala. 526, 531, the rule is thus stated: "The parol partition, accompanied by possession, not continued so long that, in a court of law, the statute of limitations would operate a bar to a real action by Yarborough, or his heirs, in whom the legal estate resided, passed to Avant a mere equitable title, of which the court of law, on the trial of the real action, could take no notice. An equitable title only will neither support nor bar a recovery in ejectment, or in the corresponding statutory real ac-

tion. 1 Brick.Dig. 627, §§ 33-4. The judgment at law, though defense was made to the action, and the complainant attempted to show in himself a legal title, is not an obstacle to the enforcement of the equities which the complainant may have in and to the premises. Judgments are conclusive, and determine only matters of which the court rendering them had jurisdiction, and which were capable of being litigated and determined in the actions in which they may be rendered. They are not conclusive, nor do they determine matters lying without the cognizance of the court. A court of equity will intervene, and confirm a parol partition of lands which is founded on a valuable consideration, when it is attended by possession.— Hazen v. Barnett, 50 Mo. 506; Freeman on Co-Tenancy and Partition, § 402. The court proceeds upon the same principle on which bills of peace are entertained, quieting the enjoyment of equitable rights, establishing them by decree, and removing clouds from title."

■ It is further declared in this jurisdiction that where gifts of substantial value are shown to have been made by the ancestor to a child, it is prima facie presumed that it was intended as an advancement, and not as a gift; and the burden of proof is on the person receiving the same to show that it was not intended as an advancement. First Nat. Bank of Oneonta v. Robertson, 220 Ala. 654, 127 So. 221; Foy et al. v. Dent et al., supra; Long, Adm'r v. King, 117 Ala. 423, 431, 23 So. 534.

■ Under the main insistence presented by the pleadings, the questions of fact are whether or not the ancestor in dealing with appellee's mother made gifts or advancements to her; and if appellee's mother's home in Gadsden was established and procured with her distributive share or moiety in the estate. In these respects the burden of proof was upon appellee to show a gift rather than an advancement. Thus we are brought to a consideration of the evidence under this issue.

The evidence is voluminous and a recitation of same would serve no good purpose. The burden of proof was upon the appellee as to the character of moneys Mrs. Appleton received from her mother, Mrs. Watt. These transactions between the mother and appellee's immediate ancestor did not rest entirely in parol in the respects we now indicate. For instance, the mem-

orandum exhibited which reads "pay to Lillie Appleton $800.00 for part-payment of her interest," and checks in the handwriting of Mrs. Watt, the common ancestor, which support the family agreement and settlement by Mrs. Watt to Mrs. Appleton. That is to say, when the whole record is considered, Mrs. Appleton by her conduct and actions in the settlement with her mother, Mrs. Watt, is bound by the estoppel raised against her in favor of Nellie Watt, the sister of Mrs. Appleton, mother of appellee—appellee being the only child of Mrs. Appleton.

As to whether the foregoing will support or reverse the judgment rendered by the trial court is dependent on three other questions now to be considered. One. Whether or not the former litigation concludes the question of fact being dealt with. Counsel for appellee cite the case of Hancock et al. v. Watt, 233 Ala. 29, 169 So. 704, as shedding some light on the questions at issue. That was purely a case for injunctive relief in which no questions of the matter of a settlement or that of advancements was involved, there being an entire absence of the principles presented by this record of equitable estoppel in pais as applied to titles to lands. The real holding in the Hancock case is to the effect that an injunction could not be resorted to by an heir or distributee of an estate as against the right of the administrator thereof, so long as there remained any unpaid debts of the estate. Under this well known, well established doctrine of estoppel, title may, and, under some circumstances, does pass by parol; or stated another way, title to lands may be effected through the acts and conduct of a party to be affected thereby although the whole transaction may rest in parol. It therefore follows that this whole case is without influence on the issues presented by this record. The Hancock case, supra, therefore, is not conclusive of the facts or equities now presented. The result would be a reversal of the cause here presented if two other well-recognized principles of law which are to be considered are applied under the pleading and evidence. They are laches and estoppel by judgment or contrary doctrine asserted with knowledge of the result in another proceeding in court having jurisdiction of parties and subject-matter, and on which the parties in interest acted or were thereby injuriously affected. Bromberg v. First National Bank of Mobile, supra.

When the acts of appellant in the Probate Court as to these lands and other properties of the mother's estate are considered in her individual and administrative capacity, she is brought within the influence of decisions collected in the case of Bromberg v. First National Bank, supra; First National Bank of Mobile v. Burch, 237 Ala. 680, 188 So. 859.

The foregoing is sufficient to support the decree of the trial court. Moreover, the appellant delayed the assertion of her claim to all the lands until death had closed the mouth of Mrs. Appleton, the immediate ancestor of Mrs. Lee. The rule of laches applies in support of the decree rendered. Wooddy v. Matthews, 194 Ala. 390, 69 So. 607; Rives v. Morris et al., 108 Ala. 527, 18 So. 743; Hauser v. Foley & Co., 190 Ala. 437, 67 So. 252; Bromberg et al. v. First Nat. Bank of Mobile, 235 Ala. 226, 231, 178 So. 48.

With this view and judgment, there was no error in the holding that solicitors' fees for complainant should be allowed against this property which was common property. Dent v. Foy, 214 Ala. 251, 107 So. 218; Ex parte McLendon, 212 Ala. 403, 102 So. 696; Bidwell v. Johnson, 191 Ala. 195, 67 So. 985; Frazer v. First National Bank of Mobile, 235 Ala. 252, 178 So. 441.

The Court had the inherent right to view the premises as was done in the exercise of a sound discretion, such court rendering the decree. Faught v. Leith, 201 Ala. 452, 78 So. 830; Jenkins v. Steel Cities Chemical Co., 208 Ala. 643, 95 So. 22; Adalex Construction Co. v. Atkins et al., 214 Ala. 53, 106 So. 338.

No prejudicial error is shown to have intervened by this action of the trial court in viewing the premises in the absence of both parties and attorneys. 2 Wigmore on Evidence, Section 1163 et seq.; 22 C.J. p. 766, § 863; 64 C.J. p. 1202, § 1007.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and BROWN, JJ., concur.