WRIGHT, Presiding Judge.
The parties were divorced by decree of November 21, 1971. An agreement was incorporated in the decree. A part of the agreement was that the wife and children would live in the home until the youngest child reached majority or until the wife *324 remarried. In either event the home, to which the husband held title, would be sold and the proceeds of sale divided equally between plaintiff and defendant.
In June 1973, the former wife, appellant here, brought a petition to modify and for rule nisi. She alleged that she had recently married and her alimony should cease. She asked that an amount for support of the minor child remaining at home be set. She further averred that since her remarriage, the part of the original decree as to sale of the home was due to be enforced; that she had secured an appraisal of the home in the amount of $12,500 and had offered to pay her former husband $6,250 for his interest in the home; she had received no answer to her offer, but had learned that the husband had earlier conveyed title to the home to his mother. She prayed for an order of support for her child; that the husband be required to comply with the original decree and that he be held in contempt for failure to comply. She sought general relief.
The court heard her petition. Though the respective briefs refer to apparent evidence presented, the record of the hearing is not before us. There is before us a copy of the decree resulting from the hearing. The court therein held the transfer of title to the former husband’s mother not a bona fide sale for a valuable consideration. It directed the former husband to pay to the petitioner the sum of $5,000, which sum represented the value of the wife’s interest in the proceeds of a sale of the home had a bona fide sale been consummated. The $5,000 was directed to be paid to the wife at the rate of $50 per month, without interest, until paid in full. Petitioner did not move for rehearing nor did she appeal from the decree rendered upon her petition on the 2nd day of August, 1973. She was paid and accepted the payments of $50 per month and by June of 1976 had received $1,700 of the $5,000 directed to be paid.
On June 2, 1976, the former husband requested the court to interpret its order of August 2, 1973, and permit the acceleration of payment of the balance of the $5,000. The former wife answered, saying that the former husband had a purchaser for the property at a price of $19,300 and that she should receive one-half the proceeds; that it would be unfair for her to just receive the $5,000 originally directed to be paid.
The court heard the petition and entered judgment on November 12, 1976. After reciting events and proceedings preceding, including the finding and order of August 2, 1973, the court found that title to the property had always been in the ex-husband; that the interest of the wife in the property was determined to be of the value of $5,000 as of August 2, 1973; that there was no reason why the payment of the balance thereon should not be accelerated and the resulting equitable lien be removed from the property through full payment. The court then directed such payment and removal of any cloud upon the title of the ex-husband.
Rehearing was requested upon the ground that the court had modified the property settlement between the parties as incorporated in the original divorce decree. Rehearing was denied. The wife appeals. We affirm.
The issue presented by appellant is that a real property settlement in a divorce may not be modified after expiration of 30 days from the date of the decree. It is contended that the decree modifies the terms of the agreement for a property settlement contained in the original decree of 1971.
 The legal proposition of the appellant is correct. The terms of a property settlement contained in a divorce decree may not be changed, or modified without jurisdiction being retained, after 30 days have expired from the date thereof. DuBoise v. DuBoise, 275 Ala. 220, 153 So.2d 778 (1963); Kelley v. Kelley, 53 Ala.App. 608, 303 So.2d 108 (1974). However, the appellant presents the issue at the wrong time. If appropriate for presentation at any point in this case, it comes too late at this time. If there was ever a modification of the original agreement, it came in the decree of August, 2, 1973. (We do not hold there was a modification at that time, for that is not the decree under assault on this *325 appeal.) That decree was entered in response to relief sought by appellant. She did not appeal from the order, but rather accepted it with its benefits for over three years. It was not until she learned that the sale value of her former home had greatly increased that appellant complained that $5,000 was an unjust representation of one-half the sale value. Her protest comes too late. She accepted $5,000 in lieu of a sale and division. She had received substantial payment thereon. She is now estopped from denying the propriety of a judgment which she accepted and collected. Birmingham Trust & Sav. Co. v. Strong, 239 Ala. 118, 194 So. 200 (1940); Watt v. Lee, 238 Ala. 451, 191 So. 628 (1939).
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.