This action was brought as a petition for the sale of property for division. The facts of this appeal come from the trial of two separate cases concerning the ownership of approximately eighty-six acres of land in Tuscaloosa County The property was originally owned by Henry Russell.[1] who died intestate in 1910. The first case was filed by certain plaintiffs, purporting to be heirs of Henry, against the heirs of Cornelius Russell, one of Henry's children, for the sale of the property and division of the proceeds. After the conclusion of that case and a determination that only the heirs of Cornelius were entitled to the property, the second case was filed to determine the true heirs of Cornelius so that the division could be carried out. The plaintiffs in this action were Annie Russell McClyde, James Henry Russell, Brenda A Russell, John Henry Russell, and Lewis Russell. The defendant was James Monroe Russell, who now appeals
Cornelius had a number of children. One of those children was John Wesley Russell, now deceased, upon whom the focus of this second suit is centered. The plaintiffs all claimed to be the children of John Wesley and thus the heirs of Cornelius. In his pleadings, however, the appellant, James Monroe, raised, as affirmative defenses, that he solely owned the property by virtue of adverse possession and prescription, but the defenses were stricken on motion of the plaintiffs on the grounds of res judicata, collateral estoppel, and/or estoppel. Subsequently, the jury returned a verdict finding John Henry and James Henry to be the sons of John Wesley and, therefore, the heirs of Cornelius
In the initial action for sale of land for division and a determination of Henry's heirs, James Monroe and twelve other defendants filed a joint answer, pleading that they, as heirs of Cornelius, jointly owned the eighty-six acres of land, that the descendants of Cornelius were the only persons *Page 664 
owning any interest in the property, and that a separate ten-acre parcel of land was owned solely by James Monroe. At the conclusion of the trial, the jury returned a special verdict based upon interrogatories submitted to them. From these interrogatories it was decided that Henry's only heirs were Eli Russell and Cornelius Russell. It was also determined, however, that Cornelius's heirs had dispossessed Eli's heirs by adverse possession and prescription. The additional ten-acre parcel of land was found to be owned solely by James Monroe
It was soon thereafter that the plaintiffs in this action filed suit against James Monroe for sale of the property for division. When James Monroe's defenses of adverse possession and prescription were stricken, he defended on the grounds that the plaintiffs were not heirs of Cornelius. Appellant does not appeal the verdict that John Henry and James Henry are heirs of Cornelius. Appellant does, however, appeal the court's striking of his affirmative defenses. For the reasons set forth below, we affirm
In Wheeler v. First Alabama Bank of Birmingham,364 So.2d 1190 (Ala. 1978), this Court concisely set out the elements of res judicata and collateral estoppel:
 Res judicata and collateral estoppel (estoppel by judgment) are two separate rules or sets of rules for determining the conclusiveness of judgments. See Webster v. Gunter, 336 So.2d 170, 172 (Ala. 1976) (Almon, J., concurring specially)
 The elements of res judicata are as follows: (1) prior judgment rendered by court of competent jurisdiction; (2) prior judgment rendered on the merits; (3) parties to both suits substantially identical; and (4) same cause of action present in both suits. Stevenson v. International Paper Co., 516 F.2d 103 (5th Cir. 1975). If these elements are present, then the former judgment is an absolute bar to any subsequent suit on the same cause of action, including any issue which was or could have been litigated in the prior action. McGruder v. B L Construction Co., 331 So.2d 257 (Ala. 1976)
 Collateral estoppel operates where the subsequent suit between the same parties is not on the same cause of action. Requirements for collateral estoppel to operate are (1) issue identical to one involved in previous suit; (2) issue actually litigated in prior action; and (3) resolution of the issue was necessary to the prior judgment. Stevenson v. International Paper Co., supra. If these elements are present, the prior judgment is conclusive as to those issues actually determined in the prior suit. Gulf American Fire Casualty Co. v. Johnson, 282 Ala. 73, 209 So.2d 212 (1968)
364 So.2d at 1199
We agree with appellant that res judicata cannot apply here The fourth element, that the cause of action be the same in both cases, is not present. The reason for this is that in the initial action the trial court stopped short of determining who Cornelius's heirs were and did not complete the sale of the property for division, thus opening the door for this second suit
The requirements for collateral estoppel to apply, however, do not depend on the cause of action and are present in this case. Both suits contained an identical issue: Who owns and who does not own an interest in the eighty-six acres of land so that the trial court can determine if the land should be sold for division. Thus, the first element is satisfied
The second element, that the issue was actually litigated in the prior action, is also present. In the first action, the jury found that Eli and Cornelius were the only heirs of Henry and that the heirs of Cornelius had dispossessed the heirs of Eli by adverse possession and prescription. The jury also determined that James Monroe was the sole owner of the north ten acres of the additional tract of land claimed in the pleadings. Finally, in its final decree and based on the verdict of the jury, the trial court held "that the heirs of Cornelius are the sole owners of the portion of the property. . ." [Emphasis supplied.] From the pleadings, in which appellant claimed the ten acres for himself and the eighty-six *Page 665 
acres for the heirs of Cornelius by adverse possession and prescription, and from the final decree in the first case, it appears that the issue of who rightly owned the property, by virtue of adverse possession and prescription, was actually litigated in the first case
The third element of collateral estoppel, the resolution of the issue being necessary to the prior judgment, is also present. Indeed, the gist of the initial suit was who owned the property and whether the heirs of Cornelius had acquired full ownership through adverse possession and prescription Therefore we find no error in the order of the trial court striking the defendant's defenses on the grounds of collateral estoppel. See, Wheeler v. First Alabama Bank of Birmingham,364 So.2d 1190 (Ala. 1978); Gulf American Fire and Casualty Co. vJohnson, 282 Ala. 73, 209 So.2d 212 (1968)
This conclusion is strengthened by appellees' third specific ground upon which their motion to strike was based. Appellees contend that James Monroe was estopped from claiming sole ownership of the eighty-six acres through adverse possession and prescription by virtue of his pleadings in the initial case. As stated above, appellant pleaded in the initial action that the defendants jointly owned the property by virtue of adverse possession and prescription and that he solely owned the ten-acre parcel of land. Furthermore, based on these pleadings and the evidence presented, the trial court held that the heirs of Cornelius owned the property and that James Monroe alone owned the ten-acre parcel of land. Yet, in this action, appellant pleaded that "[t]his defendant is the full and exclusive owner of the property described in the complaint, having acquired title thereto by adverse possession for more than twenty years."
The law is settled in Alabama that a party who has, with knowledge of the facts, assumed a particular position in a judicial proceeding is estopped from assuming a position inconsistent to the first one to the prejudice of an adverse party. Brown v. Terry, 375 So.2d 457 (Ala. 1979); UnitedSecurity Life Insurance Co. v. Birmingham Trust National Bank,282 Ala. 295, 211 So.2d 139 (1968); Maner v. Maner, 279 Ala. 652, 189 So.2d 336 (1966); Watt v. Lee, 238 Ala. 451,191 So 628 (1939); Bromberg v. First Nat. Bank of Mobile, 235 Ala. 226,178 So. 48 (1937); Wright v. Fannin, 229 Ala. 278,156 So 849 (1934); Brown v. French, 159 Ala. 645, 49 So. 255 (1909) Likewise, a party who, for the purpose of maintaining a cause or defense, has deliberately represented a fact or claim in one aspect, cannot be permitted to contradict his own representation by giving the same thing another aspect. Watt vLee, 238 Ala. 451, 191 So. 628 (1939); Bromberg v. First NatBank of Mobile, 235 Ala. 226, 178 So. 48 (1937); Wright vFannin, 229 Ala. 278, 156 So. 849 (1934). When a party obtains or defeats a judgment by pleading or representing a thing or judgment in one aspect, that party will be estopped from giving it in another aspect in a suit founded upon the same subject matter. Maner v. Maner, 279 Ala. 652, 189 So.2d 336 (1966);Watt v. Lee, 238 Ala. 451, 191 So. 628 (1939); Bromberg vFirst Nat. Bank of Mobile, 235 Ala. 226, 178 So. 48 (1937);Wright v. Fannin, 229 Ala. 278, 156 So. 849 (1934); McQuaggeBros., Inc. v. Thrower, 214 Ala. 582, 108 So. 450 (1926). Thus, when a party defeats a judicial proceeding by alleging in his pleadings a particular state of facts, he cannot be heard to subsequently deny or disprove those facts in defense of another proceeding. Watt v. Lee, 238 Ala. 451, 191 So. 628 (1939);Bromberg v. First Nat. Bank of Mobile, 235 Ala. 226, 178 So. 48
(1937); Wright v. Fannin, 229 Ala. 278, 156 So. 849 (1934)
All the requirements for the application of estoppel exist in the present case. James Monroe certainly knew the facts. If he wanted to claim sole ownership of the eighty-six acres, he should have made that claim along with his claim for the ten-acre parcel of land. The fact that he did not do so is binding on him and he cannot now change this position to the prejudice of the other heirs of Cornelius *Page 666 
For the foregoing reasons, we find no error in the decision of the trial court to strike appellant's defenses of adverse possession and prescription. Accordingly, the trial court is due to be affirmed
AFFIRMED
FAULKNER, ALMON, EMBRY and ADAMS, JJ., concur
[1] Since all parties involved in this appeal are surnamed Russell, we shall refer to them only by their first names after their initial use.