In this case, the purchasers of land, sought in a prior proceeding to reform a deed, claiming that the seller had intended to convey tracts 1, 2, and 3, but that the deed had only covered tracts 1 and 2. The seller counterclaimed in that proceeding and averred that she intended to convey tract 3 instead of tract 2. She also sought reformation of the deed to substitute tract 3 for tract 2. The trial judge found insufficient evidence to support either party's position. Thereafter, the seller sued in ejectment, claiming that she was the owner of tract 3. Obviously, this position was inconsistent with the one she had taken in the first proceeding. Was she estopped? The trial court held she was not, because she wasunsuccessful in maintaining her position in the priorproceeding. We agree.
In Russell v. Russell, 404 So.2d 662, at 665 (Ala. 1981), this Court addressed this issue and stated the following:
 "The law is settled in Alabama that a party who has, with knowledge of the facts, assumed a particular position in a judicial proceeding is estopped from assuming a position inconsistent to the first one to the prejudice of an adverse party. Brown v. Terry, 375 So.2d 457 (Ala. 1979); United Security Life Insurance Co. v. Birmingham Trust National Bank, 282 Ala. 295, 211 So.2d 139 (1968); Maner v. Maner, 279 Ala. 652, 189 So.2d 336 (1966); Watt v. Lee, 238 Ala. 451, 191 So. 628 (1939); Bromberg v. First Nat. Bank of Mobile, 235 Ala. 226, 178 So. 48 (1937); Wright v. Fannin, 229 Ala. 278, 156 So. 849 (1934); Brown v. French, *Page 1320 159 Ala. 645, 49 So. 255 (1909). Likewise, a party who, for the purpose of maintaining a cause or defense, has deliberately represented a fact or claim in one aspect, cannot be permitted to contradict his own representation by giving the same thing another aspect. Watt v. Lee, 238 Ala. 451, 191 So. 628
(1939); Bromberg v. First Nat. Bank of Mobile, 235 Ala. 226, 178 So. 48 (1937); Wright v. Fannin, 229 Ala. 278, 156 So. 849 (1934). When a party obtains or defeats a judgment by pleading or representing a thing or judgment in one aspect, that party will be estopped from giving it in another aspect in a suit founded upon the same subject matter. Maner v. Maner, 279 Ala. 652, 189 So.2d 336 (1966); Watt v. Lee, 238 Ala. 451, 191 So. 628 (1939); Bromberg v. First Nat. Bank of Mobile, 235 Ala. 226, 178 So. 48 (1937); Wright v. Fannin, 229 Ala. 278, 156 So. 849 (1934); McQuagge Bros., Inc. v. Thrower, 214 Ala. 582, 108 So. 450 (1936). Thus, when a party defeats a judicial
proceeding by alleging in his pleadings a particular state of facts, he cannot be heard to subsequently deny or disprove those facts in defense of another proceeding. Watt v. Lee, 238 Ala. 451, 191 So. 628
(1938); Bromberg v. First Nat. Bank of Mobile, 235 Ala. 226, 178 So. 48 (1937); Wright v. Fannin, 229 Ala. 278, 156 So. 849 (1934)." 404 So.2d at 665 (Emphasis added.)
Furthermore, in Davis v. Wakelee, 156 U.S. 680, 689,15 S.Ct. 555, 558, 39 L.Ed. 578 (1894), the United States Supreme Court stated the following:
 "It may be laid down as a general proposition that, where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." (Emphasis added.)
It is essential, in order to invoke the operation of the legal doctrine of estoppel, that the inconsistent position first asserted must have been successfully maintained. Here, neither party was successful in maintaining the position each took in the first proceeding. We, therefore, find that the lower court properly denied the purchasers' motion for summary judgment, and did not err in entering a judgment for the seller in her ejectment action. The judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.