JONES, Justice
(dissenting from denial of rehearing).
I respectfully dissent.
Subsequent to Imperial Crown’s obtaining a final and unappealable judgment against Wright in the Illinois Circuit Court, Wright sued Imperial Crown in the United States District Court for the Northern District of Alabama. In that federal action, by way of a motion for judgment on the pleadings, Imperial Crown raised the affirmative defense of res judicata, contending that the cause of action in the federal suit arose out of the same transaction that was the basis of the Illinois suit. The record before us does not reveal that Wright made any response to Imperial Crown’s motion. The federal district court treated it as a motion for summary judgment and denied the motion, holding that, under the undisputed facts, Imperial Crown was not entitled to a judgment as a matter of law. Having not prevailed on its summary judgment motion, Imperial Crown then filed a counterclaim, seeking to domesticate its Illinois judgment, which the federal court included in its amended pre-trial order as an issue to be submitted for the jury’s determination. Before trial, Imperial Crown withdrew its counterclaim. The jury returned a verdict *1028 in favor of Wright on his breach of contract claim.
The fact that Imperial Crown raised the res judicata defense in the federal action by way of a ground for its summary judgment motion makes the adjudication against Imperial Crown on this issue no less valid and binding on the parties. The federal court’s denial of Imperial Crown’s res judicata defense, in legal effect, was tantamount to a ruling in Wright’s favor that the two lawsuits did not arise out of the same transaction. Imperial Crown withdrew its counterclaim, which sought only to domesticate Imperial Crown’s Illinois judgment, when it realized that, pursuant to the federal court’s pre-trial order, it would be required to re-try the Illinois case before the jury on the merits. In this posture, one can conclude only that the trial judge necessarily rejected the res ju-dicata plea on the ground that the federal claim by Wright did not arise out of the same transaction that formed the basis for Wright’s Illinois lawsuit. Therefore, Wright did not have available to him the federal court adjudication as the basis for his res judicata plea in the instant case.
In the instant action, Wright should not have been permitted to change his position on the “same transaction” issue after he had successfully countered the defense of res judicata asserted in the federal action. Indeed, but for Wright’s position on this issue (i.e., that Imperial Crown’s Illinois action and Wright's federal action did not arise out of the same transaction), Imperial Crown would have been entitled to an absolute defense to the federal action, as a matter of law.
“The law is settled in Alabama that a party who has, with knowledge of the facts, assumed a particular position in a judicial proceeding is estopped from assuming a position inconsistent to the first one to the prejudice of an adverse party. Brown v. Terry, 375 So.2d 457 (Ala.1979); United Security Life Insurance Co. v. Birmingham Trust National Bank, 282 Ala. 295, 211 So.2d 139 (1968); Maner v. Maner, 279 Ala. 652, 189 So.2d 336 (1966); Watt v. Lee, 238 Ala. 451, 191 So. 628 (1939); Bromberg v. First National Bank of Mobile, 235 Ala. 226, 178 So. 48 (1937); Wright v. Fannin, 229 Ala. 278, 156 So. 849 (1934); Brown v. French, 159 Ala. 645, 49 So. 255 (1909). Likewise, a party who, for the purpose of maintaining a cause or defense, has deliberately represented a fact or claim in one aspect, cannot be permitted to contradict his own representation by giving the same thing another aspect. Watt v. Lee, [supra]; Bromberg v. First National Bank of Mobile, [supra]; Wright v. Fannin, [supra] ... Thus, when a party defeats a judicial proceeding by alleging in his pleadings a particular state of facts, he cannot be heard to subsequently deny or disprove those facts in defense of another proceeding. Watt v. Lee, [supra]; Bromberg v. First National Bank of Mobile, [supra]; Wright v. Fannin, [supra]”
Russell v. Russell, 404 So.2d 662, 665 (Ala.1981). Thus, Wright should be precluded from now asserting that both suits arose out of the same transaction.
Although we address the parties’ contentions as to Wright’s changing his position in the two actions, it is not material that the facts of the instant record are incomplete, because it is implicit in the federal court’s order that it rejected Imperial Crown’s argument that Wright’s claim, asserted in the federal action, arose out of the same transaction that was made the basis of the Illinois action. Thus, it becomes apparent that Wright changed his position on this issue in the instant action.
The prohibition against a party’s changing his position in a subsequent action, after he has prevailed in a prior action, is another dimension of res judicata. Once a court renders a final judgment, in light of the arguments presented to it, that judgment becomes the conclusive law of the case, subject only to appeal. United States v. Woods, 432 F.2d 1072 (7th Cir.1970); and Blumberg v. Touche Ross & Co., 514 So.2d 922 (Ala.1987). A party can not thereafter, in a subsequent action, change his position and relitigate the issue.
*1029 The parties’ contentions in the instant case, regarding what occurred in the federal court proceedings, are irrelevant here because the fact that the two actions did not arise out of the same transaction is the implicit basis for the federal court’s ruling in favor of Wright. Furthermore, that the two lawsuits did “arise out of the same transaction” was the only ground offered by Imperial Crown for its res judicata defense in the federal action.
Moreover, under the facts of this case, and especially in light of the federal district court’s holding, it is an inescapable conclusion that Imperial Crown’s domestication suit should be treated as a permissive counterclaim rather than as a compulsory counterclaim. Rule 13(b), A.R.Civ.P., provides that a permissive counterclaim is a “claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party’s claim.” This is exactly what the federal district court held, i.e., that the two claims did not arise out of the same transaction. Therefore, the domestication claim could have been litigated in the federal action; however, because it was not, a subsequent action to domesticate the Illinois judgment should not now be barred. See Rule 13(b), A.R.Civ.P., and the comments thereto.
The correctness of the federal court’s decision rejecting Imperial Crown’s res ju-dicata defense is not an issue before us, but that decision, right or wrong, became the law of the case, and the federal court’s adverse adjudication of Imperial Crown’s res judicata defense is entitled to be honored in the present litigation. See Coker v. Amoco Oil Co., 709 F.2d 1433 (11th Cir.1983); and Terrell v. City of Bessemer, 406 So.2d 337 (Ala.1981). When the federal court’s holding is taken into consideration, the reason for the rule against a party’s taking inconsistent positions becomes manifest.
Moreover, I do not believe that all of the elements of res judicata are present in this case; more particularly, the element of “the same cause of action” is lacking. In the absence of any requisite element of res judicata, the “could have been litigated” language does not apply to preclude a subsequent action to domesticate the Illinois judgment.
The “same cause of action” exists if the issues in the two lawsuits are the same and if the same evidence would support a recovery in both suits. Dominex, Inc. v. Key, 456 So.2d 1047 (Ala.1984). In the federal action, Wright sought recovery for fraud and breach of contract. All that Imperial Crown now seeks is to domesticate the Illinois judgment so that it may execute thereon. To succeed on his claims alleging fraud and breach of contract, Wright must prove the requisite elements of each of the theories alleged. To domesticate the foreign judgment, in the manner Imperial Crown has chosen, it must present to the court as evidence a properly authenticated copy of the Illinois judgment. Prado North Residences, Ltd. v. Prado North Condominium Association, Inc., 477 So.2d 396 (Ala.1985).
Generally, the grounds for a collateral attack of a foreign judgment are lack of subject matter jurisdiction, lack of in per-sonam jurisdiction, fraud, perjury, collusion, and other misconduct. See, generally, 50 C.J.S. Judgments § 893 et seq. (1947). Wright has not asserted any of those grounds for collaterally attacking the Illinois judgment; in fact, he has not attempted to attack the judgment on any basis. Rather, Wright asserts the res judicata effect of the federal court litigation in which the federal court rejected Imperial Crown’s res judicata defense on the ground that the two actions did not arise out of the same transaction. Nevertheless, even if Wright were attempting to attack the Illinois judgment, it is inconceivable that the same evidence would support a recovery on his federal court claims and also support a collateral attack argument.
The majority apparently relies upon the fact that Imperial Crown amended its pleadings in the federal action by filing a counterclaim seeking to domesticate its Illinois judgment. However, before trial, the counterclaim was withdrawn. Therefore, the domestication issue was never before the federal court for its determination; only the issue of the res judicata effect of the judgment was before the federal court, *1030 and that issue was decided in Wrights favor. Thus, reliance on this fact is unwarranted.
I do not take issue with the majority’s holding that Imperial Crown could have domesticated the Illinois judgment in the federal action. Ultracashmere House, Ltd. v. Meyer, 664 F.2d 1176 (11th Cir.1981). However, for the above stated reasons, Imperial Crown, by choosing not to domesticate the judgment in the federal action, should not now be barred from domesticating the Illinois judgment in the Alabama circuit court. To be sure, under the law of the case, once the federal district court rejected Imperial Crown’s res judicata defense, as a matter of law, if Imperial Crown’s counterclaim had not been withdrawn, then neither Wright’s claim nor Imperial Crown’s counterclaim could have been used as a defensive matter against the other, because each formed a basis for an independent action. At most, then, the resulting two judgments (one for Wright on his claim, and one for Imperial Crown on its counterclaim) would have had an offsetting effect.
I, therefore, would reverse the trial court’s summary judgment in favor of Wright. Thus, I dissent from the denial of rehearing.
STEAGALL, J., concurs.