ROBERTSON, Presiding Judge,
concurring specially.
I agree that the summary judgment is due to be affirmed. I write specially to emphasize that the doctrine of judicial es-toppel arising from failure to disclose potential causes of action in bankruptcy proceedings is limited.
“It is essential, in order to invoke the operation of the legal doctrine of estoppel, that the inconsistent position first asserted must have been successfully maintained.” Edwards v. McCord, 461 So.2d 1319, 1320 (Ala.1984) (emphasis in original). Consistent with that fundamental principle, both Luna v. Dominion Bank of Middle Tennessee, Inc., 631 So.2d 917 (Ala.1993), and Bertrand v. Handley, 646 So.2d 16 (Ala.1994), applied the doctrine of judicial es-toppel to claims that should have been listed as assets in bankruptcy proceedings so as to bar their assertion after the debt- or/plaintiffs had been discharged, i.e., after the bankruptcy court had granted relief to the debtor/plaintiffs based, in part, upon their asset disclosures. In contrast, the Alabama Supreme Court has held that the doctrine of judicial estoppel does not bar the assertion of claims that are later listed as assets in an amended disclosure statement filed in the bankruptcy court, i.e., before the bankruptcy court has discharged the debtor/plaintiff. Selma Foundry & Supply Co. v. Peoples Bank & Trust Co., 598 So.2d 844 (Ala.1992).